## The Fort Clark Horse Railway Company

*v.*

## James F. Anderson.

*Filed at Ottawa November 20, 1883.*

1. INJUNCTION—*when a threatened trespass will be enjoined.* It is the general rule that before a court of equity will lend its aid to enjoin a mere trespass, facts and circumstances must be alleged in the bill from which it may be seen that irreparable mischief will be the result of the act complained of, and that the law can afford no adequate remedy.

2. The temporary interruption of the business of a city horse railway company, for only three or four days, by moving a large house along the street lengthwise with the company's track, even granting that the company has the exclusive right of way in the street for its cars, is not a case of irreparable damage, or such an injury but that an adequate remedy exists at law. And the further fact that the defendant proposes to move other houses over the same and other streets, when employed to do so, in view of the fact that such removals are of rare occurrence, and not likely to occur on the same street again for many years, and because it would be but a temporary interruption of the company's franchise, was held not to furnish sufficient equitable ground for decreeing a perpetual injunction.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Peoria county; the Hon. DAVID McCULLOCH, Judge, presiding.

Mr. H. W. Wells, for the appellant:

The courts of New York hold that a street railway company having the right to lay down a track and operate cars, has an exclusive right of way; that it is not liable to the ordinary law of the road, and that the driver of a wagon or other vehicle can not call upon the driver of a street car to stop or turn out, or do any other act to avoid a collision, if it can be avoided by himself. *Baker* v. *H. R. R. Co.* 4 Daly, 274; *Adolph* v. *Park Ry. Co.* 76 N. Y. 530. So in New Jersey,—*Citizens' Coach Co.* v. *Camden Horse Ry. Co.* 33 N. J. 267.

Injunction is the ·proper remedy to protect a party in the exercise of an exclusive privilege granted him by the statute. High on Injunctions, sec. 570; *Green* v. *Oakes*, 17 Ill. 249; *Piscataqua Bridge Co.* v. *N. H. Bridge*, 7 N. H. 35; *Enfield Bridge Co.* v. *H. and N. H. R. R. Co.* 17 Conn. 40; *Morrison* v. *King*, 62 Ill. 30; *C., La F. and C. R. R. Co.* v. *D. and V. Ry. Co.* 75 id. 113; *Craig* v. *People*, 47 id. 487; *Lucas* v. *McBlair*, 12 Gill & J. 13; *Livingston* v. *Van Ingen*, 9 Johns. 507; *Croton Co.* v. *Ryder*, 1 Johns. Ch. 611; *Boston and Lowell R. R. Co.* v. *Salem and Lowell R. R. Co.* 2 Gray, 1.

Injunction is a proper remedy to stay an act causing irreparable injury, or to prevent a multiplicity of suits. *Livingston* v. *Livingston*, 6 Johns. Ch. 497; *Hicks* v. *Silliman*, 93 Ill. 274; *Jenny* v. *Jackson*, 6 Bradw. 32.

Where one claims the legal right to do that which will work an injury, an injunction, and not a sword, is the proper remedy. *Goodnough* v. *Sheppard*, 28 Ill. 81; *Brush* v. *Fowler*, 36 id. 63; *Daily* v. *Dixon*, 4 Bradw. 187.

Mr. Isaac C. Edwards, for the appellee:

The court will not interfere to prevent a nuisance, until the matter has been tried at law. *Dunning* v. *City of Aurora et al.* 40 Ill. 481; *Clark et al.* v. *Donaldson et al.* 104 id. 639; *Town of Lake View* v. *Litz et al.* 44 id. 81.

5—108 Ill.

If a party has a full and adequate remedy at law, he must pursue that, and not resort to equity. *Goodell et al.* v. *Larson*, 69 Ill. 145.

A temporary inconvenience is not the cause of irreparable injury. *Goodell et al.* v. *Larson*, 69 Ill. 145.

Before a court of equity will lend its aid to enjoin a mere trespass, facts and circumstances must be alleged in the bill from which it may be seen that irreparable mischief will be the result of the act, and that the law can afford no adequate remedy. *Livingston* v. *Livingston*, 6 Johns. Ch. 497.

Appellee claims the right to use the street jointly with appellant for lawful purposes. If he has no right on Jefferson street with the building, but goes on said street, then the injury threatened will be but a mere trespass, (if anything,) to be consummated by a single act, and susceptible, in legal contemplation, of complete reparation, and punishable, besides, by pecuniary damages to be awarded in a court of law, and that being true, equity will not interfere. High on Injunctions, secs. 462, 468; *Hamilton* v. *Steward*, 59 Ill. 330; *Herrington* v. *Herrington*, 11 Bradw. 121.

If there is a complete remedy at law, an injunction will not lie. Adams' Equity, 210; *Dickey et al.* v. *Reed et al.* 78 Ill. 261; *Baxter* v. *Board of Trade*, 83 id. 146.

An injunction is a preventive remedy, and can not be used directly or indirectly for the purpose of giving affirmative relief, as is sought to be done in this case. *Baxter* v. *Board of Trade*, 83 Ill. 146.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was a bill for an injunction, filed by the Fort Clark Horse Railway Company, to restrain the defendant from interfering with and stopping the cars running upon complainant's horse railway. The bill alleges that complainant was the

owner of and operating a street railroad over and along certain streets in the city of Peoria, always running as many as eight cars, and often as many as twenty; that cars passed all points on the road as often as every five minutes, and sometimes as often as one every minute, from early morning until eleven o'clock at night; that defendant, a housemover, has a house on rollers near complainant's track, and threatens to move it on and lengthwise of the track four blocks in the center of the city, from Franklin to Hamilton street, which would greatly hinder, delay and stop complainant's cars for three or four days, and delay the public, and greatly inconvenience and damage many thousand people; that although this particular interruption would only last three or four days, and the damage therefrom might not exceed $500 or $600, yet defendant threatens he will, and complainant believes he will, frequently, and at will, so move houses on complainant's track, and so stop complainant's cars, and obstruct the public travel and complainant's use of its railroad, which will impair the value of complainant's franchise to an amount which can not be estimated, and occasion great and irreparable injury. The bill prays that the defendant may be enjoined from moving the building lengthwise of complainant's track on the street mentioned, and for a perpetual injunction to prevent defendant from ever moving any building lengthwise of complainant's track between the hours of six o'clock A. M. and eleven o'clock P. M. The answer, except as to the damage claimed, admitted, generally, the allegations of the bill. The circuit court, on final hearing, dismissed the bill. On appeal to the Appellate Court for the Second District that court affirmed the decree, and the complainant appealed to this court. The appellant offered no evidence to sustain its bill, but relied upon the admissions contained in appellee's answer, except that a map of the city of Peoria, with the railroad and the place where the obstruction was threatened, was introduced.

Granting that appellant has the exclusive right of way in the street for its cars, as against the appellee moving a house along the street, the question arises whether the threatened injury is one of such a character that a court of equity will interfere by injunction to prevent it. The answer sets up in defence that there would be a perfect remedy at law for the injury, if wrongful. The general rule certainly is, that before a court of equity will lend its aid to enjoin a mere trespass, facts and circumstances must be alleged in the bill from which it may be seen that irreparable mischief will be the result of the act complained of, and that the law can afford no adequate remedy. (*Livingston* v. *Livingston*, 6 Johns. Ch. 497.) The bill itself admits that the interruption of appellant's business, from the particular act now threatened, would be but temporary,—for only three or four days,—not causing appellant more than $500 or $600 damage. The answer in this respect is, that the act would be only a temporary inconvenience, and would damage appellant only in dollars and cents. It admits the building to be a very large one,—some fifty-four feet long by forty wide. This clearly does not make a case of irreparable damage, or one where there would not be an adequate remedy at law.

But the bill sets up further, that the defendant claims the right, at all times, to so obstruct and stop the public travel on appellant's railroad, and appellant fears he will often attempt to do so, and that if he should carry out his threats in that regard he would cause appellant great and irreparable loss and damage, and would impair the value of appellant's franchise to an amount which can not be estimated. The answer shows this claim of right to be to use any streets over which appellant's railroad passes, in moving houses, when it should be necessary in the carrying on of appellee's business of house-moving, and that he would in no way injure the easement, or franchise, or property of appellant in so doing. The moving a house on a street is known to be of

rare occurrence. It may never again happen with appellee to have occasion to use the street in question in this same way. The probability, under this claim of right, of future repetitions of the threatened act, is too slight, in our opinion, to lay a ground for equitable interference on this score, or for the prevention of a multiplicity of suits.

It is contended that there is here, in the act threatened, the case of a violation of a franchise or special privilege to operate the street railroad, and that an injunction is the proper remedy for protecting the owner of such a franchise in the exercise of the exclusive privilege granted him. Appellant insists that appellee claims the right to interfere with and destroy its franchise, and that there is danger thereof; but appellee does not assert such a claim, and there is no reason to fear the destruction or any serious impairment of appellant's special privilege. Appellee claims but the right to move a house on the street when it may be necessary to do so in the exercise of his business. This would be but a temporary interruption of the exercise of appellant's right,— a trespass, if wrongful,—for which there would be a remedy by an action at law for damages. Where there is the kind of, and no more of the interruption of, the enjoyment of a franchise or special privilege than is shown by this record, and no more probability of a continuing interruption, we think a court of equity may well decline to interfere, and leave the party to the remedy at law.

The decree of the Appellate Court will be affirmed.

*Decree affirmed.*