THE BURLINGTON & MISSOURI RIVER RAILROAD COMPANY, PLAINTIFF IN ERROR, V. AUGUSTUS REINHACKLE, DEFENDANT IN ERROR.

1. **Railroads:** OBSTRUCTING STREET IN CITY. The authorities of a city have no power to authorize a railroad company to permanently appropriate and obstruct a portion of a street without compensation to such lot owners abutting thereon as are specially injured thereby.

2. ———: EMINENT DOMAIN: DAMAGES. The mode provided by statute for assessing damages for right of way does not apply where property is damaged but no portion thereof taken.

ERROR to the district court for Cass county. Tried below before POUND, J.

*T. M. Marquett* and *J. W. Deweese,* for plaintiff in error. The remedy provided by statute is complete. Mills on Eminent Domain, 87. *Lindell's Adm'r v. Hannibal & St.*

*Joe R. R. Co.*, 36 Mo., 543.   *Smith v. Chicago R. R. Co.*,. 67 Ill., 198.   *Little Miami R. R. Co. v. Whitacre*, 8 Ohio State, 590.   *Hovey v. Mayo*, 43 Me., 332.   *Spangler's· Appeal*, 64 Pa. St., 387.   On fourth instruction, cited:. *C. B. Railroad v. Twine*, 23 Kan., 594.   On question to· Reinhackle, cited:   *Stone v. Railroad*, 68 Ill., 394.

*Smith & Beeson*, for defendant in error, cited:   *Haynes· v. Thomas*, 7 Ind., 38.   *C. B. R. R. v. Twine*, 23 Kan., 585.   *Park v. R. R.*, 43 Iowa, 639.   *Lackland v. R. R.*,. 31 Mo., 180.   *Street Railway v. Cumminsville*, 14 Ohio· State, 523.   *Gottschalk v. C. B. & Q. R. R.*, 14 Neb., 550. Dillon Mun. Corp., § 557 and note.   Id., § 496 and note 1..

MAXWELL, J.

In the year 1858 the defendant purchased lot 3 in block. 47 in the city of Plattsmouth, said lot fronting east on Second street in said city.   He thereupon erected a dwelling-- house on said lot, in which his family has resided from that time until the present.   Second street, the testimony shows,. is seventy feet in width.   About the year 1870 the plain-- tiff herein had erected machine shops on its own land abut-- ting on the east side of said street immediately opposite the· defendant's premises, and obtained leave from the proper· city authorities to erect a fence on the east side of said street, inclosing a small portion of the same.   In 1877 the· machine shops were destroyed by fire, and new ones erected at a point in the southern or south-eastern portion of the· city, some distance from the defendant's premises.   The company thereupon applied for and obtained leave from the city authorities to use the east side of said street for the· purpose of laying tracks thereon and using the same for railroad purposes.   In pursuance of this authority, the· company laid two tracks on the east side of said street immediately opposite the defendant's premises and extending· for a considerable distance north and south, occupying.

about thirty feet in width of said street. The western track, near the middle of the street, is used for the purpose of loading and unloading goods on and from the cars, and is constantly nearly filled with cars to be loaded or unloaded. And the street is further obstructed by teams bringing or carrying away goods therefrom. These facts are undisputed. In February, 1881, the defendant in error commenced an action against the plaintiff in the district court of Cass county, to recover damages to his property caused by laying said tracks and the obstruction of said street, the date of the injury being alleged to be July 1st, 1877. Issues were joined and a trial had, in which the jury returned a verdict for the defendant in error for $500. A motion for a new trial having been overruled, judgment was entered on the verdict.

The first error assigned by the plaintiff in error in its brief is, that the fee to the street being in the city and not in the adjoining lot owner, he has no remedy where a sufficient portion of the street is left for the use of the public. The testimony tends to show that the property in question at the time of the alleged injury was worth from $800 to $1,500, and that it has depreciated in value about one-half by the obstructions complained of.

The fee of streets is in the public; but it is held in trust for public use. The municipal corporation cannot sell or permanently obstruct the streets without compensation to the owners of property specially injured thereby. The trust like any other must be exercised in good faith. It was created to give permanency to streets and apply them wholly to the use of the public. But in addition to the public benefit, every lot owner whose lots abut on a street has a special interest therein distinct from the public at large. Unless the owner can have free and unobstructed access to his property it will be of but little value. In *Crawford v. The Village of Delaware*, 7 Ohio State, 459, the supreme court of Ohio say: "The latter (lot owners)

have a peculiar interest in the street, which neither the lo-
cal nor the general public can pretend to claim; a private
right of the nature of an incorporeal hereditament legally
attached to their contiguous grounds and the erections
thereon; an incidental title to certain facilities and fran-
chises assured to them by contracts and by law, and with-
out which their property would be comparatively of little
value.   The easement appendant to the lots, unlike any
right of one lot owner in the lot of another, is as much
property as the lot itself."

This decision was cited and approved in *Street Railway
v. Cumminsville*, 14 O. S., 547, and again in *Hatch v. C. &
I. R. R. Co.*, 18 Id., 92.   These decisions commend them-
selves to us as being just, alike to the lot owner and to the
corporation seeking to appropriate the street.   We there-
fore hold that municipal authorities have no power to grant
authority to permanently obstruct a street without compen-
sation be made to lot owners abutting thereon who suffer
special damages by such obstruction.

*Second.*   It is contended that an action for damages will
not lie because the statute provides a mode of estimating
the same, which is exclusive.   The statutory mode of as-
certaining damages is applicable only in cases where some
portion of the claimant's estate is taken.   It does not apply
and was not intended to apply to cases where lands are in-
juriously affected but no portion thereof taken, as where a
portion of a street is appropriated.

*Third.*   Objection is made to the fourth instruction,
which is as follows: "If you find from the testimony that
defendant has wrongfully appropriated said Second street
to its own use, permanently occupying and using the same,
and has thereby caused damage to plaintiff's property by
blockading said street with its cars and rolling stock, thereby
causing plaintiff's property to depreciate in value, the plain-
tiff will be entitled to recover the difference between the
market value of the property before such unlawful appro-

pı'ation and the value of the same after such unlawful appropriation and use by said defendant."

The objection urged by plaintiff's attorneys against this instruction is, that it is misleading, because the jury might infer that the mere temporary blocking up of the street by the cars of the railroad company would entitle Reinhackle to damages for the depreciation of his property. It is a sufficient answer to say that the testimony tends to show a permanent obstruction on the street—in other words, a side track built apparently for the express purpose of holding cars to be loaded and unloaded, and that a considerable number of cars are found constantly standing on the track. The testimony, therefore, does not sustain the construction contended for.

Objection is made to the 16th question to Reinhackle on his direct examination, which is as follows: "State the condition of that street with those cars stopping, and with teams there loading and unloading?" The question was proper, and the answer merely showed that the street was obstructed, and that, in consequence, there was but little travel thereon. The court might have directed the jury to view the street with the alleged obstructions thereon, but a description of the same was proper testimony. And the same rule applies to the 25th question, which was as follows: "What effect has the operating of these cars on these tracks on your residence, if any?" After a careful examination of the record we see no material error therein, and it is apparent that substantial justice has been done. The judgment must therefore be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.