Opinion by
Willson, J..
§ 662. Damage to real property; measure of; evidence admissible in case of; case stated. Appellee owned a lot of land abutting upon McKinney avenue in the city of Dallas. Said avenue was a public street in said city at the time he became the owner of said land. He erected upon said land a storehouse and a residence, where he had resided and carried on a mercantile business for a number of years prior and up to the time of the injuries complained of in this suit. Under authority of an ordinance of the city of Dallas, appellant constructed a street railway along said avenue in front of appellee’s premises. In the construction of said railway an embankment was thrown up four or five feet high, thirty feet in width, and extending along said avenue in front *580 of saicT premises some eighty feet to a bridge on Dallas branch. This embankment prevented free egress and ingress from and into appellee’s said premises, and caused the water from said Dallas branch, on the occasion of heavy rains, to flow upon his premises and flood his cellar, etc. He brought this suit against appellant to recover damages which he alleges accrued to him by reason of the construction of said embankment, and he recovered judgment for the sum of $500 and costs.
Appellant’s first assignment of error is as follows: “The court erred in allowing the plaintiff Crabtree, when on the stand in his own behalf, and on direct examination, to be asked and to answer the following questions: Did you carry on any business on the property described in your petition at the time defendant began to construct its road and road-bed on McKinney avenue, in front of your property? If so, what kind of business did you carry on? Are you carrying on your business on said property now? If not, when did you cease to carry it on? Because said questions were impertinent, it being immaterial what business plaintiff was carrying on, on said property, when it began and when it ended, aud the effect of defendant’s acts on said business; the effect of defendant’s acts on said business not being an element of damage in this case, and tending to prejudice the minds of the jury.” The proposition submitted under this assignment is as follows: “The measure of appellee’s damages in this casé, if he was entitled to recover, was the actual diminution in the market value of the property injured, for any use to which it might reasonably be put, occasioned by the construction of appellant’s- railway through the adjacent street; and no personal inconvenience, annoyance or interference with his particular business could constitute the measure of such damage.” The rule contained in the above proposition was announced in the case of City of Denver v. Bayer, 7 Colorado, 113; S. C. 2 Am. & Eng. Corp. Cases, 165. It is substantially the general rule for the measure *581 of damage to real property as established in this state, though not stated in the language usually employed by ■ the courts to express it. [W. & W. Con. Rep. § 445; ante, § 489.] We concede the correctness of the proposition in the abstract, but do not think it supports the assignment of error. It may be that appellee was not entitled to recover in this action any injury done, to his business as a merchant. It is not necessary that we •should decide that question in disposing of the assignment of error. If property has been put to a particular use or business, and its productive value is chiefly therefor, and that use is impaired, the fact may be proved to enhance the damages according to the depreciation caused by impairing such use or business. Any fact which pertinently tends to prove the depreciation in value of the property alleged to be injured, or to enhance its value, and which results directly from the injuries complained of, may be proved for the purpose of aiding the jury in arriving at a correct estimate of the depreciation in the value of the property by reason of such injuries. [R. R. Co. v. Hill, 56 Pa. St. 460; 3 Sutherland, Dam. pp. 434-437, 439; R. R. Co. v. Stein, 75 Ill. 41; James River Co. v. Turner, 9 Leigh, 313; Cooley on Torts, § 618; Field on Dam. § 740.] In this case, the court very explicitly and correctly instructed the jury that the measure of damage by which, they must be governed was the difference between the value of the property before, and its value after, the construction of the railway. Even if the evidence objected to was inadmissible for any purpose, it is not reasonable' to suppose, in view of the charge of the court, that it could have misled the jury in their estimate of damages. We hold that this assignment of error is not well taken.
§ 663. Damage to real property by construction of a street railway; rights of owners of land abutting on streets, etc.; constitutional provision as to taking, etc., public property for private use, discussed and construed. Appellant’s second assignment of error is, in substance, *582 that the court erred in rejecting evidence offered by appellant to prove that the railway was constructed under authority of an ordinance of the city of Dallas, and in compliance with the terms and conditions of said ordinance. The first proposition submitted under this assignment is, that “a city under its charter has sole and absolute control of its streets, with power to open, alter, widen, extend, establish, regulate, grade, clean or otherwise improve the same, and to regulate and alter the-grade of premises, and to require the filling up and raising the same, and is not liable to owners of property abutting on one of its streets for the consequential damage occasioned to such abutting property by reason of the grading of such street.” This proposition, with some qualifications which need not now be noticed, is the established law in most of the American states. It will be found fully and correctly stated in 2 Dillon on Munic. Corp. §§ 990, 1010. It is believed by this court, however, not to be the law in this state. We think it has been superseded by section IT of our Bill of Eights, which provides that “no person’s property shall be taken, damaged or destroyed for, or applied to public use, without adequate compensation being made, unless by the consent of such person.” This provision has not been construed by the courts of this state with reference to the grading, etc., of streets by municipal corporations. It has been construed, however, with reference to injuries caused to land abutting upon streets, by the construction and operation of railroads upon the streets. In those cases it was held that the word “damaged” very much enlarged the protection formerly given to private property; that it not only protects the corpus of the property from being taken without compensation, but also protects it from being injured, though not taken; and that the owner of a lot situated adjacent to a street along which a railroad has been constructed, whose premises have been depreciated in value by the construction of such road, is entitled to recover compensation, *583 although the city had granted the right of way along the street for such road. [W. & W. Con. Rep. §§ 131, 580, also, R. R. Co. v. Eddins, 60 Tex. 656.]
Eive of the states of the American Union, viz., Illinois, Colorado, Nebraska, Georgia and West Virginia, have provisions in their organic law upon this subject which use the word “damaged.” In the first named state, the precise question now before us has been several times determined, and the rule in that state is well settled, that where private property has been injured, that is, depreciated in value by an improvement made by a municipal corporation for public use, as where land has been depreciated in value by the grading of a street, the owner of the land is entitled to compensation. [City of Elgin v. Eaton, 83 Ill. 535; City of Shawneetown v. Mason, 82 Ill. 331; City of Pekin v. Brereton, 67 Ill. 477; Rigney v. City of Chicago, 102 Ill. 64.] In the state of Colorado, the questions as to what constitutes a “damage” to private property, and as to the liability of a municipal corporation to the owner of land abutting upon a street, for injury to the land caused by constructing and operating a railroad along the street, were elaborately and ably discussed in City of Denver v. Bayer, 7 Col. 113. In that case the city of Denver, by ordinance, granted a railroad company the privilege of building its road along a street. Bayer, an owner of land abutting the street, sued the city •—■ not the company — for damage caused his land by the construction, etc., of the road. It was held that the company and not the city was hable for the damage. It is said in the opinion: “If the ordinance intended to confer upon the company a right to use the street for railroad purposes without compensation to the adjoining owners, where permanent injury resulted from the use, it is in this respect an effort to authorize something expressly forbidden by the constitution. The act of the council was a clear usurpation of power not possessed. The ordinance, in so far as it denies the right to compensation, is ultra vires and void. We find no statutory *584 provision authorizing such action by the city council, and if such statute existed it would be void.” In another portion of the opinion it is said: “At the risk of being charged with obiter dictum, we suggest that, as at present advised, we think that for injuries caused by a reasonable improvement of the streets by the council, in a careful manner, the abutting owner should not recover.’3 This opinion does not go to the full extent of the Illinois cases we have cited, but it very clearly decides that a municipal corporation cannot itself injure private property for public use, nor authorize others to do so, without compensation to the owner, except perhaps in the case of reasonable improvements made in a careful manner.
In Nebraska the effect of inserting the words “or damaged” in the constitutional provision respecting the taking, etc., of private property, has been fully and ably discussed. In Gottschalk v. R. R. Co. 14 Neb. 550, it is said: “The evident object of the amendment was to afford relief in certain cases where, under our former constitution, none could be given. It was to grant relief in cases where there was no direct injury to the real estate itself, but some physical disturbance of a right which the owner possesses in connection with his estate, by reason of which he sustains special injury in respect to such property in excess of that sustained by the public at large. To this extent the property owner is entitled to recover. It is not necessary to entitle a party to recover that there should be a direct physical injury to his property, if he has sustained damage in respect to the property itself whereby its value has been permanently impaired and diminished. This is but justice. While public improvements are essential to progress and to the welfare of the race, yet as the public are to receive the benefit, whether by the opening of streets and public grounds, or by the construction of railways, the party receiving the benefit should bear the burden. This should not be cast upon others.” In R. R. Co. v. Rein- *585 hackle, 15 Neb. 279, it is said: “The municipal corporation cannot sell or permanently obstruct the streets without compensation to the owners of property specially injured thereby. ... In addition to the public benefit, every lot owner whose lots abut on a street has a special interest therein distinct from the public at large.”
In West Virginia the doctrine of the Illinois cases cited has been approved. [Johnson v. City of Parkersburg, 16 W. Va. 402.] We have not had' access to the late volumes of the Georgia Reports, but our information is that in that state the doctrine of the Illinois cases has also been approved. [See Atlanta v. Green, Sup. Ct. Ga. Sept. Term, 1881.] Thus we have seen that in the five states whose organic law provides that private property shall not be taken ‘£ or damaged ” for public use without compensation, it has been held in four of them, without qualification, that a municipal corporation has no authority to even improve its streets in a manner which will depreciate in value the lands adjacent to such improvements without compensating the owners of such lands. This is also the settled doctrine in Ohio, which state has no such provision in its constitution. In that state it is broadly laid down that such corporation is liable for consequential injuries which x-esult from the exercise of their lawful powers, though these powers be exercised judiciously, without malice and without illegality, upon the ground that, if an act, though legal and legally executed, be done for the good of all to the injury of aix individual, the ixxjury should, in justice and good morals, be shared by all. [Smith v. Cincinnati, 4 Ohio, 514;, Rhodes v. Cincinnati, 10 Ohio, 159; McCombs v. Akron, 15 Ohio, 474; S. C. 18 Ohio, 229; Youngstown v. More, 30 Ohio St. 133; Cincinnati v. Penny, 21 Ohio St. 499; Akron v. Chamberlin Co. 34 Ohio St. 328; Dodson v. Cincinnati, id. 276.]
Our view of the question before us is, that the city of Dallas had no authority, and could have noxxe, to so grade McKinney avenue' as to cause injury to appellee’s prem *586 ises not common to other owners of land adjacent to said street, without compensating him therefor; and having no such authority itself, it could not invest another therewith. It would not, therefore, in any way have affected appellee’s right to recover in this action to have proved that appellant constructed the railway under authority of, and in strict conformity to, an ordinance of said city, and hence the court did not err in rejecting the proposed evidence mentioned in the second assignment of error.
§ 664. Street railway is not a neto burden upon a street; liability for special injuries caused by construction of. Appellant’s proposition, under third assignment, is, that “a street railway is not a new easement or burden On a street, and its construction over a street does not . entitle the adjacent proprietor to compensation, though he own the fee in the soil of the street.” In a recent decision by the commissioners of appeal of this state, which has been adopted by the supreme court, Judge Watts, in the opinion, says upon this question, that “the construction and operation of ahorse railway on the public streets of a city, by authority from the city government, is not such new or additional burden imposed upon the land as would entitle the owner of the fee to compensation therefor, or that -would amount to such taking or damage as would require a condemnation of the right of way.” This is unquestionably the law as settled by the great weight of authority. But it only goes to the extent, as we understand it, that the owner of the land is not entitled to compensation for that character of injuries which are common to other land-owners whose lands are adjacent to such railway. In other words, the railway is not per se a nuisance. But where a land-owner sustains special damage to his premises by reason of the construction and operation of such railway not common to other adjacent land-owners, he is entitled to recover for such damage. [R. R. Co. v. Rosedale Street R’y Co. Sup. Ct. Austin Term, 1885.] In the case we are considering the injuries complained of by appellee *587 are special, affecting only his premises, and not common to other land in that vicinity; and such being their character, we hold that he is entitled to recover compensation therefor.
April 30, 1885.
Affirmed.