## CITY OF OMAHA V. MARK HANSEN.

### FILED JANUARY 18, 1893.   No. 3960.

1. **Eminent Domain:** PUBLIC IMPROVEMENTS: DAMAGES: INSTRUCTIONS. Where rented property is injured by a public improvement it is proper on an inquiry of the damages to inquire to what extent, if any, the improvement will affect the rental value. This is merely an element of damage for the jury to consider, keeping in view the fact that the measure of damages is the difference between the value of the property immediately before and immediately after the construction of the same and disregarding public benefits.

2. Instructions taken as a whole state the law correctly.

ERROR from the district court of Douglas county. Tried below before DOANE J.

*A. J. Poppleton,* for plaintiff in error.

*Hall, McCulloch & English, contra.*

MAXWELL, CH. J.

The defendant is the owner of the lot on the southeast corner of Jones and Eleventh streets in the city of Omaha, on which, at the time of the trial, he had three buildings, one being a two-story brick on Eleventh street, one a two story frame fronting on Eleventh street, and a cottage on the back part of the lot. The plaintiff constructed a viaduct on Eleventh street over the railway tracks which extends past the plaintiff's lot, being at that point more than thirty feet above the surface of the lot. The viaduct extends along Eleventh street from the south line of Jackson street to near Mason street, being about 1,000 feet in length. This is an appeal from the award of damages. On the trial of the cause in the district court the jury returned a verdict in favor of Hansen for the sum of $2,300, upon which judgment was rendered.

City of Omaha v. Hansen.

The city relies upon three errors to secure a reversal of the case. These will be noticed in their order.

"First—That the court erred in permitting the witness, M. R. Risdon, to be asked the following question: 'Q. What in your opinion is the effect of loss of rental value of the property caused by the building of the viaduct, taking into consideration the various damages that you have stated as caused by the viaduct?' To which he answered as follows: 'A. That is a difficult question for me to answer, for the reason I cannot determine whether I could rent it at all or not. I should think it would depreciate it from 50 per cent any way—you might not be able to rent it at all; I haven't any means of determining that.'"

The objection is to the first part of the question, but it will be seen that the witness was unable to answer, and, therefore, no injury resulted. The question, however, would seem to be proper. While it is true that the measure of damages is the difference in value of the property with the improvement and without it, excluding general benefits, yet the value is to be ascertained from considering all the uses to which the property may be applied, and the rental value is one item that may or may not influence the jury. It is true property has a value in most cases even if it cannot be rented. This property, however, in all probability, can be rented, and it was proper to inquire if the structure in question diminished the rental value thereof. The objection therefore is overruled.

Second—The second objection is to the testimony of William Fitch, on the ground that he had not shown himself competent to answer the question. It is sufficient answer to say that the attorney is mistaken when he makes the statement, as it does appear that he had a sufficient knowledge of the value of real estate to testify in the case. The objection is therefore overruled.

Third—The third assignment is error in giving par-

agraphs 1, 2, 3, 4, 5, and 6, of the instructions, which are as follows:

"1. The jury are instructed that the fact that other persons having property in the vicinity of the viaduct have waived claim of damages for its construction is not material to the question of plaintiff's damages, and should not be considered by them in this case.

"2. The jury are instructed that in considering the question of damages they may consider any consequential damages caused by the construction of the viaduct to the property of the plaintiff. Modified by inserting after the word 'caused,' in the second line, the word 'directly.'

"3. The jury are instructed that the general increase of travel upon the Eleventh street viaduct, and on Eleventh street at each end of the viaduct, common to all that street caused by the erection of the viaduct, if they find it to exist, is not a special benefit to, nor could such be deducted from any damages found to be sustained by plaintiff.

"4. The jury are instructed that if they believe any witness is interested in the result of this case, or is prejudiced or biased in respect thereto, they are at liberty to consider the interest, prejudice, or bias as affecting the credibility and weight of the witness' testimony.

"5. The jury are instructed that if they believe that any witness has made threats with reference to plaintiff's recovery, or that plaintiff should not recover for damages against the city, they are at liberty to consider that fact as affecting such witness' credibility.

"6. The jury are instructed that in considering the testimony of any witness, they are at liberty to consider his official position, if any, towards the city of Omaha, and any interest he may have, if any, adverse to plaintiff's recovery."

The particular objection is to the third. The instruction must be considered with reference to the testimony on that point. That showed the viaduct to be over thirty feet

above Hansen's lot.    Just what particular benefit he could receive from the increased travel up near the roofs of his houses does not appear.    It is very clear that, as applied to the testimony in the case, it was not erroneous.    It is very evident that the verdict is not excessive and that there is no error in the record.    The judgment is therefore

Affirmed.

The other judges concur.