CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY
v. MARY STUREY.

FILED MAY 19, 1898. No. 8089.

1. Instructions: REPETITIONS: REVIEW. A repetition of a proposition of law in the instructions is not reversible error, unless it appears that it operated to the prejudice of the unsuccessful party.

2. Railroad Companies: EMINENT DOMAIN: DAMAGES. Where a railroad is built in an alley, the owner of the lot abutting thereon is entitled to recover from the railroad company the depreciation in the value of the lot resulting from such construction of the railroad.

3. Trial: WITNESSES: STRIKING OUT ANSWER. Where the answer of a witness is not responsive to the question propounded, the proper practice is to move the court to have such answer eliminated from the record.

4. Railroads: DAMAGES TO REALTY. The true measure of damages to real estate occasioned by the construction of a railroad contiguous or adjacent thereto is the difference in the value of the property immediately before and immediately after the im-

provement, unaffected by any increase or depreciation of property values generally in the same vicinity.

5. ———: ———. In estimating the value of real estate, its rental value may be taken into consideration.

6. ———: ———: Rulings on Evidence. Certain rulings of the trial court on the admission of evidence examined and approved.

Error from the district court of Lancaster county. Tried below before Tibbets, J. *Affirmed.*

*L. W. Billingsley* and *R. J. Greene,* for plaintiff in error.

*Boehmer & Rummons, contra.*

Norval, J.

The plaintiff below, Mary Sturey, is the owner of lot 40, block 1, Houtz's Place, in the city of Lincoln, which she occupies as a family homestead. In 1893 the defendant, without her knowledge or consent, constructed its railroad bed and laid its tracks over and across plaintiff's premises and in the alley adjoining said lot, without condemning for right of way or making compensation for the loss. This suit was instituted to recover the damages sustained by reason of the premises, and the defendant has brought to this court for review the record of the judgment entered against it, assigning numerous grounds for reversal.

It is urged that the third paragraph of the charge should not have been given, because it was a repetition of the doctrine enunciated in the second instruction. A reversal cannot be obtained for that reason, since the verdict could not have been influenced by the giving of the instruction. This court has often asserted that the repetition of a proposition of law in the instructions is not reversible error where it does not appear that the defeated party was prejudiced thereby. (*Seebrock v. Fedawa,* 30 Neb. 424; *Carstens v. McDonald,* 38 Neb. 858; *Hill v. State,* 42 Neb. 503; *Carleton v. State,* 43 Neb. 373; *Gran v. Houston,* 45 Neb. 813; *Dixon v. State,* 46 Neb. 298;

*City Nat. Bank of Hastings v. Thomas,* 46 Neb. 861; *Denise v. City of Omaha,* 49 Neb. 750.)

The court charged the jury: "The plaintiff, as the owner of said lot, has a right to use the thoroughfares, streets, and alleys adjacent thereto for the purposes of ingress and egress to and from said lot without obstruction by railway tracks, and has the right to insist that the said adjacent streets and alleys shall be used only for public purposes; and if the railway track of the defendant, laid upon said alley adjacent to the said lot, obstructs the free passage to and from the said lot and thereby damages the plaintiff, or in any manner specifically and directly occasions damage to the said property, then the defendant would be liable to plaintiff for such damage, less special benefits." It is urged that said instruction is erroneous, for the reason it was a repetition of another portion of the charge relating to the recovery of damages. As the defendant was not injuriously affected by the repetition, under the authorities referred to above, this objection to the instruction is overruled. The same instruction is also assailed on the ground that it incorrectly states the law applicable to the case. It was not necessary that defendant should have appropriated any portion of plaintiff's lot. To authorize a recovery it was sufficient that her premises were depreciated in value by the location and construction of the railroad in the alley upon which the lot abuts. This principle is recognized by the instruction in question, and is sustained by the authorities. (*Gottschalk v. Chicago, B. & Q. R. Co.,* 14 Neb. 550; *Burlington & M. R. R. Co. v. Reinhackle,* 15 Neb. 279; *Omaha & R. V. R. Co. v. Rogers,* 16 Neb. 117; *Hastings & G. I. R. Co. v. Ingalls,* 15 Neb. 123; *Chicago, K. & N. R. Co. v. Hazels,* 26 Neb. 364.)

It is insisted there was prejudicial error committed in allowing N. T. Sturey, witness for plaintiff below, to testify in answer to question 62 as to the value of the sod destroyed by the defendant, for the reason the competency of the witness to testify upon that subject had not

been shown. This objection is without merit. Counsel for defendant must have overlooked the answer to the preceding question, which disclosed that Mr. Sturey knew the value of the sod destroyed.

Another assignment is that "a like error was committed in allowing witness to testify over defendant's objection as to the value of the cinders, in answer to question 72, his competency thereon not appearing." The bill of exceptions discloses that question 72 merely asked the witness if he was familiar with the value of the cinders, and did not call for a statement of their value. The answer was not responsive to the question, it is true, but no motion was made to strike the same from the record, so that no ruling of the court below is presented, in this connection, for review.

Another argument is that it was reversible error to permit the witness N. T. Sturey to testify as to the value of the plaintiff's lot, for the reason the proper time for ascertaining such value was not fixed. The true measure of damages in cases like the one before the court is the difference in value of the property immediately before and immediately after the construction of the railroad, unaffected by any increase or depreciation of property values generally in the vicinity. (*Omaha Belt R. Co. v. McDermott,* 25 Neb. 714; *Blakeley v. Chicago, K. & N. R. Co.,* 25 Neb. 207; *City of Omaha v. Hansen,* 36 Neb. 135.) To establish that there has been no infraction of the foregoing rule it is only necessary to state the defendant's road was constructed in the alley May 25, 1893, and quote from the testimony of Mr. Sturey the following:

Q. Now I will get you to state whether you know the value of the property on or about the 25th day of May, 1893.

A. Yes, sir.

Q. You may state what the value was.

A. The value was about $2,500.

Q. Now you may state whether you know the value of

this property after the Rock Island track was laid in the alley adjoining it.

A. Yes, sir.

Q. You may state what that value is.

A. $1,000.

Objection is made to the decision of the court below permitting plaintiff to prove the rental value of her premises after the railroad was constructed. This ruling is sanctioned by *Fremont, E. & M. V. R. Co. v. Bates,* 40 Neb. 381; *City of Omaha v. Hansen,* 36 Neb. 135.

We have examined and considered the other rulings of the court made on the introduction of testimony, and discover no reversible error. The judgment is accordingly

AFFIRMED.