THE CHICAGO, KANSAS & NEBRASKA RAILWAY CO., PLAINTIFF IN ERROR, v. GEORGE HAZELS, DEFENDANT IN ERROR.

[FILED APRIL 17, 1889.]

1. **Railroads:** DAMAGES FOR DEPRECIATION IN VALUE OF PROPERTY. Where town lots abut upon a street, along which a railroad is constructed so near as to cause an embankment in the street upon either side of the lot, so as to deprive the lot owner of the free use of the streets adjacent to and abutting on the lot, the lot being thereby depreciated in value to the damage of the owner, he may recover his damages from the railroad company, even though no part of the lot be taken, and no part of the street in front thereof be occupied by the railroad.

2. ———: CONSTITUTIONAL LAW. " The words, ' or damage,' in section 21, article 1, of the Constitution, include all damages arising from the exercise of the right of eminent domain which causes a diminution in the value of private property." (*City of Omaha v. Kramer*, 25 Neb. 489.)

3. ——: ——. For the purpose of arriving at the diminution of the value of real estate damaged by the construction of a railroad, in estimating the value of the property after the construction of such road, it is proper to take into consideration all elements of damage caused by such construction, which tend to diminish the value of the property.

4. ——: TRIAL: EVIDENCE. In an action for damages resulting to private property from the construction of a railroad near such property, the defendant answered that the plaintiff had been paid for all damages sustained by reason of the construction of the railroad through the county where the property was situated, and upon a trial, during the taking of the testimony of the defendant's right of way agent, the defendant offered in evidence a voucher and receipt for the money paid, which was for the right of way through other property, the witness testifying that at the time of the execution of the receipt, no claim had been made for the damages involved in the suit then on trial, and therefore the damages were not included in the voucher and receipt. The plaintiff in rebuttal testified substantially to the same thing, and defendant, after plaintiff's evidence was closed, recalled its witness for the purpose of proving that when the plaintiff signed the receipt, he knew the purport thereof, which, upon objection, was excluded. *Held*, No error.

APPEAL from the district court of Pawnee county. Heard below before APPELGET, J.

*Stephen S. Brown*, and *Humphrey & Lindsay*, for appellant, cited: *Pa. R. Co. v. Lippincott*, 30 Am. & Eng. R. R. Cases, 399; *Hammersmith, etc., Co. v. Brand*, L. R. 4 H. L. 171; *Republican Valley R. R. Co. v. Linn*, 15 Neb. 234; Rorer on Railroads, p. 33, and authorities cited; *Gottschalk v. C. B. & Q. R. R Co.*, 14 Neb. 550, 560; *Hatch v. Vt. Cent. R. R. Co.*, 25 Vt. 49–64; *Pittsburg & Lake Erie R. R. Co. v. Jones*, 111 Pa. St. 204; *Regina v. The Metropolitan Board of Works*, 3 B. & S. 710; *Chasemore v. Richards*, 7 H. L. Ch. 349; *Ricket v. The Metropolitan Ry. Co.*, L. R. 2 H. L. 175; *Metropolitan Board of Public Works v. McCarthy*, 7 Id. 243; *Tisloe v. Graeter*, 1 Blackf. 353; *Kellogg v. Richards*, 14 Wend. 116; *Stone v. Vance*, 6 Hammond, (Ohio,) 246.

*A. H. Babcock*, and *J. K. Goudy*, for appellee, cited: *Republican Valley R. R. Co. v. Fellers*, 16 Neb. 169; *Cogswell v. N. Y. N. H. & H. R. R. Co.*, 27 Am. & Eng. R. R. Cases, 376; *Rigney v. City of Chicago*, 102 Ill. 64; *Gottschalk v. C. B. & Q. R. R. Co.*, 14 Neb. 550; *B. & M. R. R. Co. v. Reinhackle*, 15 Id. 279; *O. & R. V. R. R. Co. v. Rogers*, 16 Id. 117.

REESE, CH. J.

This action was instituted in the district court of Pawnee county, by defendant in error, and against plaintiff in error, to recover damages alleged to have been sustained by defendant in error to the north half of block thirty-five, in that part of Pawnee City known as North Pawnee City, by the construction of plaintiff's railroad along the north side of Third street, which is abutting on and north of defendant's property.

The trial resulted in a verdict and judgment in favor of defendant in error. Plaintiff in error seeks review by proceedings in error.

It appears from the evidence that the railroad was constructed on and along the south half of blocks twelve, twenty-nine, thirty, and thirty-one, the right of way over which had been purchased by plaintiff in error. The south half of block thirty lies immediately north of and across Third street from the property of defendant in error. On this half block is located plaintiff's depot. Practically the whole of the half blocks referred to are occupied by main and sidetracks of plaintiff's road. The tracks are laid upon a fill which varies in height from the natural surface of the ground, to about nine feet between the east side of block thirty and the west side of block twelve. The line of road and tracks cross Sheridan street, which is immediately to the west of plaintiff's property, which is on the south side of Third street, and between blocks twenty-nine and thirty,

which are on the north side of said Third street, and across Sherman street, which is immediately east of plaintiff's property, and between blocks thirty and thirty-one. The distance from the north line of Third street to the road-bed where plaintiff's road crosses Sheridan and Sherman streets is very slight—not more than a few feet. Immediately to the west of plaintiff's property, but on the north side of Third street, the fill extends into Third street. At the crossing of Third and Lincoln streets, which is three blocks east from defendant's property, plaintiff's road turns to the south, and crosses Third street upon a fill. At the crossing of Grant street, which is one block east from defendant's property, there is a cut of perhaps about fifteen feet in depth, over which is constructed a bridge along Grant street which extends into Third street, the approaches to which are graded to a height of perhaps nine or ten feet, and which extend across Third street, thus substantially closing that street one block east from plaintiff's property. Sherman street, adjoining defendant's property to the east, and Sheridan street upon the west, are practically closed by the grade and tracks crossing them immediately upon the north side of Third street. Defendant's outlet from his property is substantially limited to the south by way of Sherman and Sheridan streets, upon his east and west to the west by way of Third street, which, as we have seen, is partly occupied by plaintiff's road-bed. By this it will be seen that no part of Third street immediately north of defendant's property is occupied by plaintiff's road; that the line of road is constructed along the south half of the blocks named, upon the plaintiff's own property, obtained by it by purchase and not by condemnation, except as to the crossing of Rose street between blocks ten and eleven, Walnut street between eleven and twelve, Chestnut street between twelve and twenty-nine, Sheridan street between twenty-nine and thirty, Sherman street between thirty and thirty-one, Grant street between thirty-one and thirty-two,

and Seminary street between thirty-two and block four of Hollingshead's addition.

Under these conditions it is insisted by plaintiff in error, that defendant in error cannot recover damages, the contention being that "The defendant railroad company is not liable for any injury to the premises in question, produced by the lawful and proper construction and operation of its railroad on its own land on the north side of Third street."

Upon this point counsel for plaintiff in error have presented a very able and elaborate brief, which was supplemented by a logical argument, in which substantially, if not quite, all of the authorities, both in England and this country, were carefully considered. We have examined the authorities cited, and trust we will be excused from reviewing them, as, in our opinion, the whole question presented has been virtually disposed of by our own decisions under the provision of our Constitution, which is, that "The property of no person shall be taken or damaged for public use, without just compensation therefor." This provision of the Constitution has been considered with more or less care in *Gottschalk v. R. R. Co.*, 14 Neb. 550; *Railroad Company v. Reinhackle*, 15 Id. 279; *Railroad v. Rogers*, 16 Id. 117; *Railroad v. Fellers*, 16 Id. 169; *City of Omaha v. Kramer*, 25 Id. 489, and other cases which we need not cite.

Much stress is placed upon the fact that plaintiff purchased the parts of blocks along the north side of Third street over which its line of road runs instead of obtaining the same by the exercise of the right of eminent domain. We cannot conceive that this can make any difference. It could not purchase the streets across which its line runs, and its occupancy thereof cannot be so based. The exercise of the right of eminent domain is limited to cases where a purchase cannot be made, or where the owner of the real estate refuses to grant the right of way through or over his premises. (Section 97, chapter 16, Compiled Statutes; *Railroad Co. v. Gerrard*, 17 Neb. 587.

The right to occupy public streets is based upon a similar provision of the statutes. (Section 83, chapter 16, Compiled Statutes.)

Railroad corporations have the right, therefore, to take and use real estate for right-of-way purposes with or without the consent of the owner thereof. They also have the right to occupy roads, streets, alleys, or public grounds of any kind, by the consent of the municipal or other corporation, or public officers or authorities, or in failing to obtain such consent, by the right of eminent domain. Under this right and under the restrictions contained in section 8 of article 11 of the Constitution, plaintiff in error by lawful authority not only occupies the portions of the blocks referred to, but its crossing of Third, Lincoln, Seminary, Grant, Sherman, Sheridan, Chestnut, Walnut, and Rose streets.

It seems to be the contention of plaintiff in error that by the occupation of the lots and parts of blocks he has purchased, it is placed upon the same footing as a private owner of property, and therefore has the right to make use of its own property as it may see fit, so long as it does not create thereon a public nuisance, and, therefore, if an injury was suffered, it is *damnum absque injuriâ.* To this we cannot agree. We cannot consent to base defendant's right to recover upon the simple methods adopted by plaintiff in procuring its right of way. Had it been anything else than a railroad company, the owner of any single lot along its track could have declined to sell his lot and thereby prevented its construction, but owing to the fact that plaintiff was a railroad corporation, this right on the part of the lot owner did not exist. Can it be said, then, that because the lot owners consented to sell their lots, plaintiff could purchase and thus defeat the right of adjoining property owners to maintain their action for damages? Such, to our minds, would be a novel conclusion.

So far as this inquiry is concerned, it must be conceded that the property of plaintiff has been damaged by the oc-

24

cupation for public use of the streets and adjacent lots. That is, its value, to a greater or less extent, has been destroyed. This loss must fall upon the owner unless by the clause of the Constitution referred to, he is given an action against the corporation causing it, for his damage.

In *Gottschalk v. Railroad Co., supra,* it was decided that where a lot abuts upon an alley upon which a railroad is built, if the owner of the lot sustains damages in excess of that shared by the public generally, he may recover if he is deprived of a public right which he enjoyed in connection with his property. In the opinion it is said: "It is not necessary, to entitle a party to recover, that there should be a direct physical injury to his property, if he has sustained damages in respect to the property itself whereby its value has been permanently impaired or diminished. This is but justice."

To that extent we must consider the law of this state settled. In *B. & M. Railroad Company v. Reinhackle,* 15 Neb. 279, it was held that the authorities of a city could not authorize a railroad company to permanently appropriate and obstruct a portion of the street without compensating all the property owners abutting thereon, if especially injured thereby. In that case it is said that although the fee of streets is in the public, yet it is held in trust for public use. "The municipal corporation cannot sell or permanently obstruct the streets without compensation to the owners of property especially injured thereby. The trust, like any other, must be exercised in good faith. It was created to give permanency to streets and apply them wholly to the use of the public. But in addition to the public benefit, every lot owner whose lots abut on a street has a special interest therein, distinct from the public at large. Unless the owner can have free and unobstructed access to his property, it will be of little value." See also *City of Omaha v. Kramer,* 25 Neb. 489.

In *Railroad Company v. Fellers, ante,* it was held that

where real estate was damaged by the construction of the railroad, but no part thereof was appropriated to the use of such road, an action might be maintained against the railroad company for such damages. In that case, while no part of Fellers's property was taken, yet it was surrounded or inclosed within what is commonly termed a "Y," being depreciated in value by the construction of the road across and over adjacent property and streets.

It has been uniformly held by this court that the provision of the Constitution giving compensation to the owners of property damaged for public use, shall be given a reasonable and practical construction; and that where property is rendered of less value by the construction of a public improvement of the kind mentioned, the owner shall have "just compensation therefor." The amount or extent of damage is a question of fact for the jury.

In the amended answer of plaintiff in error, it is averred that "On the 9th day of September, 1886, the Chicago, Kansas & Nebraska Railroad Company paid to the plaintiff the sum of $100, and the plaintiff accepted the same in full payment of all damages sustained by him by reason of the lawful construction of the said railroad through the county of Pawnee, in the state of Nebraska, and thereupon, by an instrument in writing signed by him, released the Chicago, Kansas & Nebraska Railroad Company from any claim or demand of plaintiff on account of such damages, which are the same alleged damages described and sued for in plaintiff's amended petition."

On the trial, plaintiff in error introduced and caused to be read to the jury a voucher and receipt signed by defendant in error, which is as follows:

## " DEFENDANT'S EXHIBIT 'A.'

| | CHICAGO, KANSAS & NEBRASKA RAILROAD |
|---|---|
| Book _____ 250 | CO. |
| | .................................Station. |
| _____ 1 | To DAVID & GEORGE HAZELS.    *Dr.* |

| | | Dollars. | Cents. |
|---|---|---|---|
| Charge to | 1886  1. | | |
| | Sept. 1. | | |
| | 1. For a strip of land ...... feet wide, of which the entire line of the route and line of the Chicago, Kansas & Nebraska Railroad Company, as the same is now surveyed, staked, and located, is the center, being ...... feet each side of the center line of said route, over, across, and through, the following-described tract of land, as said route and line of said railroad passes through the same, to wit: | | |
| | All of lot 11 in block 10 in Hazels's Add. to Pawnee City, Neb., Pawnee Co., Neb.... $100 | $100 | 00 |
| | And including all damages sustained or to be sustained by me by reason of the construction and operation of the railroad of said company in a lawful manner, through said county of Pawnee. | | |
| Construction ac't Right of way. | | | |
| Certified:_____ 1 | | | |
| Examined and correct: H. F. MORRIS, *Auditor.* | | | |
| Approved: M. A. LOW, *President.* | Dated Sept. 9th. Received of the Chicago, Kansas & Nebraska Railroad Company the sum of One Hundred Dollars, ($100.00,) in full for the above account. [Signed]    DAVID & GEORGE HAZELS." | | |

This paper was introduced during the examination of Mr. Ewing, who was the right of way agent, and who procured its execution.

Defendant in error in rebuttal was called upon the stand and testified in substance that he gave a number of such vouchers, some of which were for lots sold the railroad

company constructing the road, others being for lots sold to said company by owners thereof who had previously purchased from him, but to whom no deeds had been made; the railroad company preferring the execution of conveyances directly from him instead of to the purchasers, and from them to the railroad company, thus avoiding the expense and trouble of one conveyance in each purchase. It was further said by the witness that he did not observe the language of the voucher as including damages sustained by the construction of the road through the county of Pawnee. After the rebuttal evidence of defendant in error had closed, plaintiff in error again called Mr. Ewing, and offered to prove by him that "Mr. Hazels signed the instrument fully advised of what was in it, and that the money paid for the lots — the amount — was fixed in view of abutting damages."

Upon objection being made, this evidence was excluded, of which plaintiff in error now complains.

This cannot be made ground for reversing the judgment for two reasons: First, the witness Ewing had been upon the stand and examined as to the execution of the instrument referred to prior to the examination of defendant's witnesses in rebuttal. By the examination of his witnesses, the testimony in the case would ordinarily be considered closed. The further introduction of evidence would be within the discretion of the trial court, and a judgment would not be reversed except for an abuse of such discretion. (Section 283 Civil Code.) Second, it is shown upon the examination of the same witness, Ewing, during the trial, that no claim for damages to block thirty-five had been made at the time of the execution of the voucher and receipt; that the same was not considered, and therefore could not have entered into consideration at the time of the execution of the paper referred to. There was no error, therefore, in excluding the offered evidence.

Defendant in error offered in evidence an ordinance of

the city of Pawnee City, conferring upon the Chicago, Kansas & Nebraska Railroad Company the right of way through and upon Second, Third, Fourth, Butler, Emery, Pawnee, Lincoln, Seminary, Grant, Sherman, Sheridan, Chestnut, Walnut, and Rose streets.

Plaintiff in error then requested the court to give to the jury the following instruction, which was refused: "The court instructs the jury that in assessing the damages in this case, they will not take into consideration any right acquired from the city of Pawnee, but only such acts as had been done by defendant, or its grantor, before the beginning of this suit."

By this instruction it was sought to take from the consideration of the jury the right conferred upon the railroad company to occupy Third street, as the road had been constructed north of the line. This instruction was rightly refused, for the reason that it was shown by the evidence upon the trial that the construction of the road-bed and fill upon which the track was laid, extended into and partially across Third street. In order to enable defendant in error to maintain his action, it was, perhaps, thought to be necessary that it be shown that the erection of the embankment in Third street was lawful; and for this purpose, if for no other, the jury had the right to consider that fact.

It seems from the evidence and record that the right-of-way was obtained by the Chicago, Kansas & Nebraska Railroad Company, but that at some time after its organization, and perhaps the construction of the road, the railroad corporation was succeeded by plaintiff in error, the Chicago, Kansas & Nebraska Railroad Company. This fact is not referred to in the petition. The answer admitted that plaintiff in error was a corporation, and alleged that the Chicago, Kansas & Nebraska Railroad Company constructed the road; but there is no allegation in any of the pleadings that plaintiff in error is the successor of the Chicago, Kansas & Nebraska Railroad Company. The cause appears

to have been tried throughout upon the theory either that the road was constructed by plaintiff in error, or that plaintiff in error and the Chicago, Kansas & Nebraska Railroad Company were in fact the same corporation; and the contention of plaintiff in error that the petition was defective in its averments, the question not having been raised before or during the trial, cannot now be considered for the first time. But in any event plaintiff in error, if the successor of the Chicago, Kansas & Nebraska Railroad Company, would be liable under the provisions of article 4, chapter 72, of the Compiled Statutes, as construed in *C. St. P. M. & O. R. R. Co. v. Lundstrom*, 16 Neb. 254.

It is averred in the petition that by the construction and operation of plaintiff's road, smoke, soot, and dust, from the engines, the ringing of bells, sounding of whistles, noise of passing and repassing trains at all hours of the day and night, together with the danger to plaintiff's buildings from sparks from the passing engines, render the property unfit for residence or business purposes. And that they were thereby damaged, etc.

Upon the argument it was contended that these are not elements of damage under the provisions of the Constitution. In *Blakely v. C. K. & N. R. R. Co.*, 25 Neb. 207, this question was presented, and it was there held that while all these elements were competent to be considered by witnesses in arriving at the depreciation of the value of the property, yet they were not necessarily elements of damage upon which an estimate might be separately based by a jury. No one will contend but that property so situated would be less valuable and less desirable than if otherwise located, and in arriving at the correct measure of damages, according to the method of proof as stated in that case, they were all proper to be considered. (See also *Columbus, etc., Ry. Co. v. Gardner*, (Ohio,) 13 N. E. Rep. 69.) The real question involved is as to the depreciation of the market value of the property, and 'it

is competent to prove any fact by which such depreciation may be established.

We find no error, and the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.