OMAHA & N. P. R. Co. v. JOHN JANECEK.

[FILED SEPTEMBER 17, 1890.]

Railroads: ABUTTING PROPERTY: SPECIAL DAMAGES. Where a railroad company constructs its road in front of a person's tract of land, and in close proximity to his residence, *held*, in an action to recover damages by the owner against the railroad company, that he can recover for any damages he may have sustained in respect to his property not suffered in common by the public generally. Injuries resulting from smoke, soot, and cinders from passing engines are proper elements of damage.

ERROR to the district court for Colfax county.  Tried below before MARSHALL, J.

*W. S. Russell,* and *Marquett & Deweese,* for plaintiff in error.

*Phelps & Sabin, contra.*

Cases cited by counsel are in the main referred to in opinion.

NORVAL, J.

The defendant in error brought this action in the district court of Colfax county to recover damages for the depreciation in value of his property, caused by the construction and operation of the Omaha & North Platte railroad in front of his premises.  The case was tried to the court, who rendered a judgment for the plaintiff for the sum of $1,500.

It is fully established by the testimony, that the railroad company purchased blocks 2 and 15 in the town of Schuyler, and constructed its main track and switches thereon ; that on the east part of block 15 it erected an engine house, a turntable, and a coal shed.  At the time of the location of defendant's road the plaintiff was the owner of block 16, which is immediately east of block 15, being separated by Atlantic street.  The plaintiff also owns between three and four acres of land adjoining said block 16 on the south.  The plaintiff's residence is located on the west part of said block 16, and within eighty feet of the engine house.  No part of Atlantic street was taken by the railroad company for any purpose.  All the evidence shows that in moving trains over the main and side tracks, and at the roundhouse, noises are made by the ringing of the bells, and sounding of the whistles; that the engines of the defendant throw soot, smoke, and cinders upon plaintiff's

property, and that the passing of trains shakes plaintiff's house, which damaged and depreciated the value of his property. The evidence establishes that the property has been depreciated in value in the sum of $1,500, by reason of the construction and operation of the railroad in such close proximity to plaintiff's premises.

The plaintiff's right to recover is based upon section 21, article 1, constitution of this state, which provides that "The property of no person shall be taken or damaged for public use without just compensation therefor." It has become the settled law of this state, that under this provision of our constitution it is not necessary that any part of an individual's property should be actually taken for public use in order to entitle him to compensation. If the property has been depreciated in value by reason of the public improvement, which the owner has specially sustained, and which is not common to the public at large, a recovery may be had. In the case at bar the plaintiff's property is depreciated in value by the noise caused by the operation of the defendant's engines and cars in front of his premises and in close proximity to his house, by the casting of soot, smoke, and cinders upon his property, and by the vibration of his house. The plaintiff has sustained special damages by the construction and operation of the railroad near his premises, in excess of that sustained by the community at large. Smoke, soot, and cinders are not thrown upon property situate a few blocks from the road, nor does the moving of trains jar buildings that are distant from the track. The fact that the property of a dozen or more owners in the town is materially injured by the location of the defendant's roads, does not affect the plaintiff's right to compensation for the depreciation in value of his property. If, in consequence of the building of a railroad into a town, new towns spring up which divert trade from the old town, and property therein depreciates in value, for such depreciation no recovery can be

had. It is an injury or damage each property holder has sustained in common with the public generally.

It is claimed that the district court allowed this kind of damages in this case, and none other. True, there is testimony in the record before us tending to show that property generally in the town of Schuyler, since the construction of the road, has depreciated in value, but this falling off in value was not taken into consideration by the court in assessing damages in this case. The evidence fails to disclose that any such general depreciation had taken place immediately after the construction of the defendant's road, and that is the date the witness estimates the value of the property, and not at the date of the trial. Had the value of plaintiff's property at the time of the trial been given, then there would have been just grounds for complaint.

A similar question was considered in the case of *Blakeley v. C., K. & N. R. Co.*, 25 Neb., 207, where it was held that it was competent to take into consideration noise and confusion incident to the operation of trains, in estimating the value of real estate after the construction of the road.

The *C., K. & N. R. Co. v. Hazels*, 26 Neb., 364, was an action to recover damages alleged to have been sustained by Hazels by the reason of the construction of a railroad in close proximity to his property. Smoke, dust, and soot from engines, the ringing of bells, sounding of whistles, and noise of the trains depreciated the value of his property. It was held in that case that all elements caused by the construction of the road which tend to diminish the value of property could be taken into consideration.

This view is supported by *Railroad Co. v. Combs*, 10 Bush., 382; *Railway Co. v. Eddins*, 60 Tex., 656; *Lahr v. Railway Co.*, 104 N. Y., 268; *Baltimore & P. R. Co. v. Fifth Baptist Church*, 108 U. S., 317; *Cogswell v. N. Y., N. H. & H. R. R. Co.*, 8 N. E. Rep., 537; *K. C. & E. R. Co. v.*

*Kregclo*, 5 Pac. Rep., 15; *Drucker v. Manhattan R. Co.*, 12 N. E. Rep., 568; *C. & W. I. R. Co. v. Ayres*, 106 Ill., 511.

In *Columbus, H. V. & T. R. Co. v. Gardner*, 45 O. St., 316, the supreme court of Ohio, in considering the question involved in the case at bar, says: "While it may be conceded that in estimating the plaintiff's damages the jury would not be permitted to take into account the consequences of the operation of the railroad which were common to the community at large, no sound reason exists for excluding from their consideration such elements of inconvenience, annoyance, danger, and loss as result to the property, its use and enjoyment, from the smoke, noises, and sparks of fire occasioned by running of locomotives and cars along the track in front of the same, if it be shown that these caused special injury and depreciation to the property."

The rule established by the decisions of this court, and by the recent adjudicated cases of most of the other states, is to the effect that if the property of an individual has been depreciated in value by reason of smoke, soot, and cinders being thrown upon his property by passing engines, he may recover the damages thus sustained.

The judgment of the district court is

AFFIRMED.

THE other judges concur.