S. D. ROOT, RESPONDENT *v.* BUTTE, ANACONDA & PACIFIC RAILWAY CO., APPELLANT.

[Submitted Nov. 18, 1897. Decided Dec. 6, 1897.]

*Special Damages—Pleading—Evidence—Cross-Examination.*

1. SPECIAL DAMAGES.—*Pleading.*—Under a general allegation of damages, plaintiff can prove and recover only general damages—such as naturally and necessarily result from the acts or omissions complained of.
2. SAME.—*Evidence.*—In an action for damages alleged to have been sustained by plaintiff, by reason of the construction and operation of defendant's railroad, it is error to admit, over the objection of defendant, evidence of the noise occasioned by the ringing of bells, the blowing off of steam, the inability to converse, the impracticability of turning teams on the street, when the complaint does not contain any allegation concerning the same.
3. CROSS-EXAMINATION.—In an action to recover damages to real estate alleged to have been caused by the operation of defendant's railroad, in which the plaintiff was allowed to testify that he was unable to sell the property for $4,500, the price he asked at any time before the action was commenced, it is error to refuse defendant to ask the plaintiff, on cross-examination, if he had not sold or entered into a contract to sell the property for that amount, since the commencement of the suit.

*Appeal from District Court, Deer Lodge County.* *Theodore Brantly, Judge.*

ACTION by S. D. Root against the Butte, Anaconda & Pacific Railway Company for damages resulting from the construction of defendant's road in front of plaintiff's property. From a judgment for plaintiff, and an order denying a new trial, defendant appeals.     Reversed.

Statement of the case by the justice delivering the opinion.

Plaintiff and respondent sued the defendant and appellant railroad for damages, and alleged that the defendant constructed and operated its line of railroad and its steam locomotives and cars over and along Front street, in the city of Anaconda, so as to injure and greatly damage plaintiff in the value of his property, and that by reason of the construction and operation of its said railway, side-tracks, switches, and the use of steam locomotives and cars thereon, plaintiff's property greatly depreciated in value for any purpose whatever.     It was further alleged that, by reason of the premises aforesaid, plaintiff suffered on account of the depreciation in value of his premises by the wrongful acts of the defendant, and was damaged in the sum of $3,000.

The defendant denied all the material allegations of plaintiff's complaint.

The case was tried to a jury who found for the plaintiff in the sum of $900.     Judgment was entered on the verdict. Defendant appeals from the judgment and an order denying a new trial.

It appeared on the trial of the case that plaintiff owned lot 12, block 5, in the city of Anaconda, and that the said lot was situated on the corner of Oak and Front streets.     The street upon which plaintiff's property was situated was occupied principally by saloons, lodging houses, boarding houses and hotels.     Plaintiff's evidence tended to show that the defendant's railroad ran through the street about 46 feet distant from his house, used as a lodging house.     Plaintiff was permitted to testify, against the objection of the defendant, to the noise occasioned by the frequent passing of trains, and to the shaking of the windows in his house, to the ringing of bells

and sounding of whistles, and to the difficulty with which teams could turn in the space in front of his house, and·to the diversion of travel, after the building of the railroad, from Front street to other streets.   It was admitted that the railroad . was constructed and operated along Front street by virtue of an ordinance of the city of Anaconda, giving the defendant the right to construct and operate its railroad along said street.

*J. K. McDonald, Wm. Scallon, W. W. Dixon* and *W. B. Rodgers,* for Appellant.

*Sawyer & . Walsh,* for Respondent.

Hunt, J.—Under a general allegation of damages the plaintiff may prove and recover only general damages ; that is, such damages as naturally and necessarily result from the acts or omissions complained of.   (Phil. Code Pl.  § 424.) The law implies general damages from certain facts stated, and where there is such an implication there need be no allegation of damages, beyond stating the amount claimed.   But if a plaintiff is entitled to damages different from, or besides, general damages implied by law, he should plead them.   "He may," writes Phillips, a careful and very recent author on Code Pleading (section 425), "have suffered injury which though the natural consequence is not the necessary consequence of the wrong complained of, and for which he cannot recover under an *ad damnum.*   In such case, in order that the court may be advised as to the scope of the action, and to give the defendant notice of what will be subjects of proof at the trial, the facts out of which the special damages arise are required to be specially pleaded in the complaint."

Bliss, Code Pl. § 297 (b), lays down the rule in substantially similar language, based upon a like reason, that if a plaintiff is entitled to damages, even though the natural, yet not the necessary, consequence of the wrong done, he must specially state his loss, so that the court may see its character, and so as to prevent the defendant from being surprised.   To like effect are Boone, Code Pl. § 18, and Steph. Pl. 417.

Sutherland on Damages, p. 763, Vol. 1, says : "Under a general allegation of damages, the plaintiff may prove and recover those damages which naturally and necessarily result from the act complained of,—for these damages the law implies will proceed from it.    These are called 'general,' as contradistinguished from 'special,' damages, which are the natural, but not the necessary, consequence.    Special damages are required to be stated in the declaration, for notice to the defendant, and to prevent surprise at the trial."

These rules of pleading should have been applied upon the trial of the case, and the court erred in overruling the objection of the defendant's counsel to the introduction of evidence as to all such elements of damage as the blowing of whistles, ringing of bells, noises from engines and trains, the blowing off of chaff or smoke, vibration, inability to converse during the time trains were passing, as to the practicability of turning teams on the streets adjacent to plaintiff's property, and as to the diversion of travel from Front to other streets.    It is not a natural and a necessary result of the operation of a railroad, that, in lawfully occupying a street in a city, premises 46 feet distant from a track are damaged in any sum, for which recovery may be had, on account of the proximity of the tracks, or the operation of the railroad.    If the road is well constructed and skillfully operated (and there is no contention here that appellant's road was not so built and operated), vibration, to any particular extent, would not naturally or necessarily follow ; nor would property situated as was respondent's naturally and necessarily be injured in its value by noise or by smoke from trains moving by, or by reason of there not being more space in which teams could turn in front of the premises ; nor would the ringing of bells or blowing of whistles naturally and necessarily injure the owner's enjoyment of the property, or its value, to any greater extent than do the running of a railroad and such incidents as are mentioned above, connected with the running of trains, injure the general public, but which could not be taken into consideration in estimating plaintiff's damages.

We do not mean to hold that plaintiff may not be entitled to recover for such damages as he may have specially sustained by reason of the public improvement, and which are not common to the public at large. On the contrary, the weight of authority is that under a constitutional provision such as section 14, Article 3, of the Montana constitution, to the effect that private property shall not be taken or damaged for public use without just compensation having been first made or paid into court for the owner, it is not necessary that there be any physical invasion of an individual's property for public use to entitle him to compensation. (*O. & N. Railroad Co.* v. *Janecek*, 30 Neb. 278; 46 N. W. 478.)

We believe, therefore, that if plaintiff's property has been lessened in value by the running of trains, or by smoke, or whistles, or noise of locomotives, or in other ways, on account of the construction and operation of appellant railroad in close proximity to his property, and such damage is in excess of that sustained by the community at large, he has sustained special damages and a recovery may be had. (Elliott on Railroads, § 978; *Baltimore & P. R. Co.* v. *Fifth Baptist Church*, 108 U. S. 331, 2 Sup. Ct. 719; *Railway Co.* v. *Hazels*, 26 Neb. 364, 42 N. W. 93; *Railway Co.* v. *Hall*, 78 Tex. 169, 14 S. W. 259.)

In the case of *Bohm* v. *Railway Co.*, 129 N. Y. 576, 29 N. E. 802, Judge Peckham, for the court, approved the doctrine that, although an owner's land is not taken by the railroad, yet an abutting owner, by reason of his situation, "has a kind of property in the public street, for the purpose of giving to such land facilities of light, of air, and of access to the street." These easements are property, protected by the constitution from being taken or damaged without just compensation. *Id.* Continuing, the learned judge said:

"It seems to me plain, from this review of the law, that the real injury, if any, suffered by the landowner in any particular case, lies in the effect produced upon his abutting land by the wrongful interference of defendants with these easements of light, air, and access to such land. And where they are

interfered with, and, in legal effect, taken, to any extent, it is not possible to think of them as of any value in and of themselves, separated from the adjoining land ; but their value is to be measured by the injury which such taking inflicts upon the land which is left, and to which they were appurtenant.'' And it is immaterial where the fee is. (*Eachus* v. *Railway Co* , 103 Cal. 614, 37 Pac. 750.)

But we are of opinion that all such damages are special, and being special, should be pleaded, to authorize the introduction of evidence concerning them. In *O. & N. Railroad Co.* v. *Janecek*, *supra*, the plaintiff sued to recover damages from the depreciation in value of his property, caused by noises in ringing of bells and sounding of whistles, and by reason of the throwing of soot, cinders, and smoke, and by vibration of his house produced by moving of defendant's trains. The court there expressly held that plaintiff could recover, because he sustained special damages by the construction and operation of the railroad, and that such damages were not common to the public in general.

And in *Railway Co.* v. *Gardner*, 45 Ohio St. 311, 13 N. E. 69, the court sustained a right to recover for noises, smoke and sparks, regarding them as special damages.

The court there said :   ''While it may be conceded that in estimating the plaintiff's damages, the jury would not be permitted to take into account the consequences of the operation of the railroad which were common to the community at large, no sound reason exists for excluding from consideration such elements of inconvenience, annoyance, danger, and loss as result to the property, its use and enjoyment, from 'smoke, noises, and sparks of fire occasioned by running of locomotives and cars, along the track in front of the same,' if it be shown that these caused special injury and depreciation of the property.''

In further proceedings to be had in the case, plaintiff should amend his complaint so as to directly, and not inferentially, by illustrations, aver the location of his premises, and their exact distance from the defendant company's tracks.

Plaintiff testified as to his inability to sell the premises for $4,500, the price he asked at any time before the filing of his complaint in this suit. On cross-examination, defendant was not permitted to inquire whether plaintiff had not sold the property, or entered into a contract to sell it for $4,500, since the commencement of the suit. If it was competent to prove the depreciation in value by inability to secure the price asked just before suit was instituted, it would seem proper to allow the fact to be shown that plaintiff did make a contract to sell for the sum asked, a short time afterwards, notwithstanding the commencement of his action. If such a contract was entered into, it certainly weakened the force of plaintiff's statements, and was a circumstance to be weighed by the jury.

It becomes unnecessary to analyze the instructions, as the law can be stated hereafter in a manner conformable to our views herein expressed.

Diversion of travel from Front street, in front of plaintiff's premises, if it existed at all, would only be admissible as bearing upon any depreciation in value following such diversion. The mere fact that people did not pass by would not be of any materiality, unless injury to the property resulted. (*Drucker* v. *Manhattan Railway Co.*, 106 N. Y. 157, 12 N. E. 568.)

The judgment is reversed, and the cause is remanded, with directions to grant a new trial.

*Reversed and Remanded.*

BUCK, J., concurs.