EMMA STEHR, APPELLEE, V. MASON CITY & FORT DODGE RAILWAY COMPANY, APPELLANT.

FILED DECEMBER 7, 1906. No. 14,694.

1. **Eminent Domain:** SPECIAL DAMAGES. Under the constitutional provision that "the property of no person shall be taken or damaged for public use without just compensation therefor," where there has been a disturbance of a right which the owner of real estate possesses in connection with his estate and which gives to it an additional value, by reason of which disturbance he sustains special damages in respect to such property in excess of that sustained by the public at large, he is entitled to recover damages.

2. ———: DAMAGES. In such case the damages recoverable properly include all damages arising from the exercise of eminent domain which cause a diminution in the value of the property.

3. ———: USE OF STREETS: ABUTTING PROPERTY: DAMAGES. Where an ordinance is passed granting the use of public streets to a railway company for the construction and operation of its road, an abutting property owner cannot be prevented from recovering from the railway company damages to his property caused by the construction of the railway in and across the streets by inserting in such ordinance a provision vacating the portions of the streets to be so used by the railway company.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*A. G. Briggs* and *W. D. McHugh,* for appellant.

*Baldrige & De Bord* and *J. B. Fradenburg, contra.*

44

LETTON, J.

The plaintiff is the owner of the west one-third of lot 3, block 12, Kuntze & Ruth's addition to the city of Omaha, being a strip of ground 48 feet wide and 50 feet long fronting west upon Nineteenth street in that city. The defendant has recently built and put in operation certain railroad tracks and a terminal freight station near the plaintiff's property. The tracks leading from the main line to the terminal station are constructed parallel with Nineteenth street for a distance of about 1,000 feet upon land belonging to the railroad company to a point nearly across the street from plaintiff's property, from thence curving in a northeasterly direction across Nineteenth street and Mason street and extending to the terminal station, which is situated about three blocks east and two blocks north of the plaintiff's property. Directly opposite the property there are four tracks. These tracks are situated in the bottom of a deep cut or excavation which is partly upon the land belonging to the railroad company and partly in Nineteenth street and in Mason street, which intersects Nineteenth street about 50 feet north of the plaintiff's lot. About one-half of the width of Nineteenth street has been cut away in front of the premises. The plaintiff complains that by the construction of these tracks the defendant has largely changed the natural surface of the ground immediately in front of and near her property: that it has cut off the access to the property upon Sixteenth, Seventeenth, Eighteenth and Nineteenth streets, and that she is deprived of ready access to the business part of the city of Omaha and to a schoolhouse which is near by; that her property is residence property; that it has been damaged and will continue to be damaged from jars and concussions caused by passing cars and engines, and that the occupants of the property are and will be annoyed by smoke, cinders and soot and by the noise of whistles, bells and passing trains.

The contention of the defendant railway company is that, since the plaintiff has no property right in the surface of the lot across Nineteenth street upon which the defendant built its railway, the excavation of the lot did not invade any property right which she enjoyed in connection with her property and hence she has no right to recover; that, since a lot owner could excavate, provided he preserved the lateral support of the lot of his neighbor, without being liable for damages, so also could the railway company, and though such excavation might affect the value of the plaintiff's property, still this would be *damnum absque injuria* and no recovery permitted.

. The questions at issue are substantially the same as were considered by the court in the case of *Chicago, K. & N. R. Co. v. Hazels*, 26 Neb. 364. In that case, as in this, the tracks were laid upon land belonging to the railway company, and the plaintiff's damage was caused in part by the closing of certain streets and the partial obstruction of others, thus depriving him of convenient ingress and egress to and from his property, and, by the construction and operation of the railway, smoke, soot and dust from the engines were thrown thereon, and, by the ringing of bells, sounding of whistles and noise of trains, the property was damaged and rendered undesirable for residence purposes. Several of the cases cited in that case are again cited by defendant's counsel in this case, with later cases holding the same doctrine. However, after full consideration and exhaustive discussion, the court in the *Hazels* case held that "the words 'or damaged' in section 21, art. I of the constitution, includes all damages arising from the exercise of eminent domain which causes a diminution in the value of private property," and that in arriving at the diminution in the value it is proper to take into consideration all elements of damage caused by such construction which tend to diminish the value of the property. The doctrine of this case was in harmony with *Burlington & M. R. R. Co. v. Reinhackle*, 15 Neb. 279; *Republican Valley R. Co. v.*

*Fellers,* 16 Neb. 169; *City of Omaha v. Kramer,* 25 Neb. 489, and *Omaha Belt R. Co. v. McDermott,* 25 Neb. 714, decided previously, and it has been cited and followed in *Omaha & N. P. R. Co. v. Janecek,* 30 Neb. 276; *Atchison & N. R. Co. v. Boerner,* 34 Neb. 240; *Jaynes v. Omaha Street R. Co.,* 53 Neb. 631; *Chicago, R. I. & P. R. Co. v. Sturey,* 55 Neb. 137, and *Chicago, B. & Q. R. Co. v. O'Connor,* 42 Neb. 90.

The defendant quotes and relies on the following language in the opinion in *Gottschalk v. Chicago, B. & Q. R. Co.,* 14 Neb. 550 : "The evident object of the amendment was to afford relief in certain cases where, under our former constitution, none could be given. It was to grant relief in cases where there was no direct injury to the real estate itself, but some physical disturbance of a right which the owner possesses in connection with his estate, by reason of which he sustains special injury in respect to such property in excess of that sustained by the public at large." It further cites and relies on the case of *Rigney v. City of Chicago,* 102 Ill. 64, which is largely quoted in the *Gottschalk* case, and is a leading case upon the subject. The vacation of the streets mentioned, and the cutting down and narrowing of that part of Ninteenth street immediately in front of plaintiff's property, is shown by the testimony to have been a direct injury to the property, by cutting off the plaintiff's means of access by way of Nineteenth street, or the other vacated streets, to the business portion of the city, and by rendering more inconvenient the ingress and egress of others to the property, and is further shown to have directly depreciated the value of the property. She was entitled to the use of the whole of Nineteenth street in front of her property and to the use of that portion thereof north of the center line of Mason Street. Further than this, the evidence shows that, on account of the proximity of the railway, smoke and soot is blown upon her property to such an extent as to make the property less desirable as a place of residence, to lessen its value in the

market and to depreciate its rental value. It is not a direct physical injury to the real estate itself, but it is a special injury to the property in excess of that sustained by the public at large, and the owner of the property suffers damage to her right of access and to her right of free and undisturbed enjoyment. The facts in this case bring it within the rule of the *Gottschalk* case, and the rule adopted by this court is substantially the same as that adopted in the *Rigney* case, and which is now applied by the supreme court of Illinois in like cases. See *Pittsburg, Ft. W. & C. R. Co. v. Reich*, 101 Ill. 157; *Chicago, P. & St. L. R. Co. v. Nix*, 137 Ill. 141; *Chicago, M. & St. P. R. Co. v. Darke*, 148 Ill. 226; *Chicago v. Taylor*, 125 U. S. 161.

It appears that the city council of the city of Omaha passed an ordinance granting the use of a portion of certain streets, the obstruction of which is complained of by the plaintiff, to the defendant railway company, for the operation of its road, and vacating the same, and the defendant now contends that, since the streets were vacated prior to its occupancy of them, the plaintiff is not entitled to recover for damages to her right of ingress and egress, the same having been taken away by the vacation before the railroad was built. It appears, however, that the grant of the use of the streets and the attempted vacation were made for the benefit of the defendant, and were made at the same time and by the same ordinance. Under the rule laid down in *Burlington & M. R. R. Co. v. Reinhackle*, 15 Neb. 279, these facts do not in any way militate against the right of the plaintiff to compensation from the defendant for the damages she may have sustained.

The issues presented do not require the enunciation of any new doctrine. The instructions requested by the appellant and refused were properly refused under the facts shown, and the instructions given by the court, when considered in connection with the evidence, were not prejudicial. The question as to the right of the owner of

an abutting lot to damages for the whole or partial closing of a street is differently answered in different states, but the law is settled here. The right to damages is not restricted merely to a recovery for an interference with the right of ingress and egress in front of the property and with the right to light and air, but the owner of such property is entitled to recover for all such damages, direct and consequential, as he may suffer by reason of the interference with his right of property. Where there has been a disturbance of a right which the owner of real estate possesses in connection with his estate and which gives it additional value, by reason of which disturbance he sustains special injury in respect to such property in excess of that sustained by the public at large he is entitled to recover all the damages, both direct and consequential, which may result from such invasion of his property rights. The plaintiff therefore was entitled to recover in this case for both direct and consequential damages.

What has been said disposes of all points raised in the requests for instructions by the appellant, except that in which the court was requested to instruct the jury "not to allow any damages based upon the diminution in the value of her property caused solely by the fact that the railway company, defendant, made the cut and excavation upon its own property west of the property of plaintiff." As to this, it may be said that the instruction does not properly reflect the evidence, since the cut and excavation were not in fact entirely upon the railway company's own property, but also in Nineteenth and Mason streets; and, further, it would be impossible for a jury to separate and distinguish the damage accruing to the property from that part of the excavation on the street and that portion on the company's own premises. The court did n     refusing this instruction.

The judgment of the district court is

AFFIRM.