STEPHEN B. SCACE V. WAYNE COUNTY.

FILED JUNE 9, 1904.    No. 13,455.

1. **Eminent Domain:** DAMAGES. The provisions of section 21, article I of the constitution, allow a person whose property has been taken for a highway, not only the fair market value of the land actually taken, but also such additional damages as accrue to the remainder of the tract by reason of the opening of the road.

2. **Highway:** DAMAGES. Where a highway is laid out by which a tract of land is divided into two parts, the depreciation in value, if any, of the entire tract, after deducting any special benefits which may accrue by reason of the opening of the road, is a proper element of damage.

3. ——: ——. The rights of the owner of land over which a section line extends are the same, with reference to the assessment of damages for the location of a highway thereon, as those of the owners of other real estate. The statute making all section lines public roads merely dispenses with the necessity of a petition and other formal proceedings before the county board is authorized to open the road.

ERROR to the district court for Wayne county: JOHN F. BOYD, JUDGE. *Reversed.*

*Wilbur & Berry* and *Allen & Reed,* for plaintiff in error.

*H. E. Simon, contra.*

LETTON, C.

The plaintiff in error, Stephen B. Scace, is the owner of 313 acres of land adjoining the city of Wayne, part of the same lying in section 16 and part of it in section 17. A road was established by the county commissioners of Wayne county on the section line between sections 16 and 17 across his land. The entire tract was fenced in one body and was used by the plaintiff to furnish pasturage for hire to the inhabitants of the adjoining city of Wayne for their horses and cattle. The tract was irregular in shape. The proposed road entirely cut off and separated one 80 acre tract from the remainder of the

pasture and deprived the plaintiff of the use of a well, windmill and tank situated upon the land taken for the road, and necessitated removing the fence, or building a new one half a mile long. Before the road was established, a notice was published by the commissioners fixing the 25th day of May, 1901, as the time for the presentation of claims for damages by reason of the opening of the road, and on May 24 the plaintiff in error filed a claim in the sum of $2,500 for damages accruing to the 80 acres on each side of the road immediately adjoining the proposed highway. On May 25 appraisers were appointed to ascertain and fix the amount of damages sustained by the claimants by reason of the establishment of the road. On the same day the appraisers reported, assessing the damages to the plaintiff in error at the sum of $340. On the 1st of June Scace filed an application for an extension of time for making proof and the hearing of his claim for damages until June 17, and on the same day a resolution was adopted that the road be opened and worked as a public road, and the hearing of Scace's and all other claims for damages was continued to the 17th day of June, 1901. On the 17th of June Scace filed another claim for damages in the same amount, to wit, $2,500, but this claim differs from the first claim filed by him in that it seeks to recover damages to the whole tract of 313 acres, instead of to 160 acres as in the first claim. A hearing was had, fixing and assessing the damages to Scace at $375, from which an appeal was taken by him to the district court. He filed a petition in the district court, claiming that he was damaged by the taking of his land and for damages to the entire tract in the sum of $3,985. Before the trial in district court, a motion was made by the defendant in error to require the plaintiff in error to elect whether he will submit the case as on appeal from the action of the county board or as an original action in this court, which motion was sustained by the court, and exception taken by the plaintiff, whereupon he elected to submit the case as an appeal from the action of the board of

county commissioners. This is the first assignment of error made by the plaintiff in error. The petition in error contains 90 other assignments, of which it will only be necessary to consider one or two.

We have been unable to ascertain from the record that the plaintiff was in any wise prejudiced by being required to elect whether to proceed as upon appeal or as an original action. We do not think the action of the district court in requiring his election was erroneous, though it was prob- ably unnecessary, since the cause was in court upon appeal as it was, and this election did not change the status of the case.

From an examination of the rulings of the trial court upon the introduction of evidence, and of the instruc- tions to the jury, it is apparent that the jury were con- fined in their estimation of damages to the fair market value of the land actually taken, together with the ex- penses of moving the fence. The plaintiff in error testified that the value of the land before taking for the road was $125 an acre, and offered to show what the value of the entire tract was after the taking of the one-half mile strip for the road, which offer was rejected by the court. The court also refused to allow him to show that the prin- cipal value of the land was for pasturage, and to show the effect on its value for that purpose that the cutting off the 80 acre tract would have. It is clear that a tract of land may, on acount of its close proximity to a town or city, be enhanced in its value by reason of its advantage of situ- ation for pasturage purposes. If this be so, then the person from whom it is taken, or whose estate in it has been diminished in value, should be allowed to recover the entire pecuniary injury which he has suffered, and should be permitted to prove the value of the entire tract of land before and after the taking, for whatever purpose it may be used, as the means of ascertaining whether he has been damaged by the taking thereof. Instruction numbered one given by the court upon its own motion is as follows: "You are instructed that the only issue for you to deter-

mine in this case is the fair market value on the 1st day of June, 1901, of the 3 and 95-100 acres of land taken by the defendant for a public highway, and the reasonable expense of moving the fence therefrom to the side of the road." Instructions were asked by the plaintiff in error to the effect, in substance, that the damages recoverable in such a case are not confined to the market value of the land taken, but that the plaintiff would be entitled to recover damages to the remainder of his adjoining or abutting lands, if any, shown by the testimony, and that he should be allowed damages, not only for the value of the land actually taken, but for the permanent depreciation, if any, in the value of the entire tract of land. These requests were refused.

Section 21, article I, of the constitution of 1875, provides:

"The property of no person shall be taken or damaged for public use without just compensation therefor." It has been the settled doctrine of this court since the adoption of this provision that, whenever the property of any person has been injuriously affected by the appropriation of the property itself, or property adjoining, for public purposes, the person injured has been entitled to recover the actual damages suffered by him. The words "or damaged" were not contained in the constitution of 1866. The object of the insertion of these words in the constitution of 1875 was, as is said in *Gottschalk v. Chicago, B. & Q. R. Co.*, 14 Neb. 550: "To grant relief in cases where there was no direct injury to the real estate itself, but some physical disturbance of a right which the owner possesses in connection with his estate, by reason of which he sustains special injury in respect to such property in excess of that sustained by the public at large." This court has so often construed this constitutional provision that it is unnecessary to discuss it further. *Schaller v. City of Omaha*, 23 Neb. 325; *City of Omaha v. Kramer*, 25 Neb. 489; *Chicago, K. & N. R. Co. v. Hazels*, 26 Neb. 364; *McGavock v. City of Omaha*, 40 Neb.

64; *City of Harvard v. Crouch*, 47 Neb. 133; *Chicago, R. I. & P. R. Co. v. O'Neill*, 58 Neb. 239. The instruction given by the trial court was erroneous, and the refusal to instruct that the plaintiff in error was entitled to damages for the depreciation, if any, in the value of the remainder of the tract was also prejudicial error.

As to the contention of defendant in error that, since the statute makes all section lines public roads, and that the plaintiff bought the premises charged with knowledge of these statutory provisions, and hence must be deemed to have accepted the property with the burden of the liability to damage by the taking of the same by the public, we have only to say that the object of the statutory provisions was to avoid the necessity of the filing of a petition before a road upon a section line could be opened. The status of land over which a section line runs is no different from that of other real estate, and the property rights of the owner of such land are as fully protected by the constitutional guarantees as are those of the owner of any other real estate. The provisions of the statute merely dispense with the necessity of a petition for the location of the road before the county board can act upon the matter.

For these reasons, we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.