J. G. BESTE, EXECUTOR, APPELLANT, V. CEDAR COUNTY, APPELLEE.

FILED OCTOBER 22, 1910.  No. 16,147.

Eminent Domain: OPENING HIGHWAY: DAMAGES: LESSEE OF SCHOOL LAND. Where a tenant occupying school land under a lease executed by the state files with the county clerk pursuant to notice a claim for damages to his leasehold on account of the opening of a highway on a section line and appeals to the district court from an adverse decision of the county board, he is entitled to damages to the extent of his injury without joining the state as plaintiff.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Reversed.*

*J. C. Robinson,* for appellant.

*H. E. Burkett, contra.*

ROSE, J.

The sufficiency of the following petition to state a cause of action in favor of Stephen A. Dugan, plaintiff, and against the county of Cedar, defendant, is the question presented by this appeal:

"Comes now the above named plaintiff, and for cause of action against the above named defendant alleges:

"(1) That on July 13, 1906, William Lammers and others filed with the county clerk of said county their petition for the location of a public highway to be established over and across the lands of this plaintiff hereinafter described.

47

"(2) That on August 11, 1906, this plaintiff, in pursuance of notice given by the said county clerk, filed with the said clerk his claim for damages on account of the location of said highway over and across the lands of the plaintiff, to wit, the northwest quarter of section 36, in township 31, of range 1 west, in the sum of $70.

"(3) That on December 6, 1907, the board of county commissioners of said county of Cedar granted the petition before referred to, and established and located a public highway over and across said lands of this plaintiff, and then and there rejected and disallowed plaintiff's claim for damages on that account.

"(4) That on December 21, 1907, plaintiff served upon the county clerk a notice that he intended to appeal from said decision of said board of commissioners; all of the facts hereinbefore stated being more fully set forth in the transcript filed herein by the county clerk of said county to which reference is hereby made.

"(5) That plaintiff is the owner, as hereinafter stated, of the whole of the north half of section 36, township 31, range 1 west, and that he is now, and for the past eight years and more has been, in the actual possession and occupancy thereof. That the same is an improved farm and constitutes the home of plaintiff.

"(6) That plaintiff's ownership and title to said lands arise under and by virtue of certain school land leases duly executed and delivered on the part of the state of Nebraska by the commissioner of public lands and buildings to one ..............., and which leases have each and all been duly assigned by the lessee therein and delivered to plaintiff. That said leases confer upon the lessee and his assignee the absolute right to the possession, occupancy, use, and the rents, income and profits from the whole of said premises, and that such right continues during the whole term of said leases, which term continues and will not terminate until January 1, 1923.

"(7) That, by the establishment and location of the public highway aforesaid, the defendant has taken and

appropriated a strip of land two rods wide across the entire west end of the said tract for said highway, and has thereby deprived the plaintiff of the possession, use and benefits thereof to his damage on account of such taking in the sum of $75.

"(8) That there is now due and owing to this plaintiff from the defendant the sum of $75, together with interest thereon at 7 per cent. from December 6, 1907, no part of which has been collected or paid.

"Plaintiff therefore prays for judgment in the said sum of $75 and for an order requiring the board of county commissioners of the defendant to issue and deliver to plaintiff a warrant in due form in payment of said amount with cost."

A demurrer to this petition was sustained, and from a judgment of dismissal plaintiff appealed. After the filing of the transcript in this court plaintiff died, and the cause was revived in the name of J. G. Beste, executor of the last will and testament of Stephen A. Dugan, deceased.

To justify the ruling of the trial court in sustaining the demurrer these prospositions are urged: It is shown on the face of the petition that the land taken by the county for highway purposes is school land. The state owns the fee. Plaintiff is lessee and occupies the land as the state's tenant. In an action to recover damages for that part of the land taken for a highway the state is a necessary party. There is therefore a defect of parties plaintiff. In support of the position thus stated defendant cites *Hastings & G. I. R. Co. v. Ingalls,* 15 Neb. 123. The report of that case shows: Ingalls bought land partially occupied by a highway. Before the purchase price had been paid in full and while the vendor held the legal title, the railroad company built a track on the highway. Without making the vendor a party, Ingalls sued the railroad company for damages to the land by reason of the additional burden placed thereon by the use of the highway for railroad purposes. On these facts the court observed: "Ingalls

had an estate in the land and was in possession. To the extent of the estate he was entitled to recover. At the most there was a defect of parties; but no objection of this kind was made in the pleadings, and therefore he was entitled to recover for the injury to the extent of his interest."

Distinguishing features of the present case are obvious. Plaintiff did not institute this proceeding. The petition shows that, pursuant to notice given by the county clerk to plaintiff, he filed his claim against the county. It was rejected, and he appealed to the district court. The questions for determination were the same in both tribunals. If the state was a necessary party, the duty of bringing it into the proceeding did not devolve upon plaintiff. Under a similar proceeding by which land may be appropriated for railroad purposes, the following rules, in an opinion by Judge SEDGWICK, were held applicable to a railroad company: "It is therefore its duty to bring in all parties having an interest in the estate in order that the condemnation money may be properly applied. The word 'owner' as used in the statute applies to all persons who have an interest in the estate. Where it is necessary the court possesses ample power to require such parties to interplead, and to apportion the money according to their rights." *State v. Missouri P. R. Co.*, 75 Neb. 4.

After plaintiff in the present case was notified to appear and file his claim with the county clerk, his right to compensation for damages to his leasehold did not depend upon his joining the state as plaintiff. The attorney general prosecutes or defends civil suits in which the state is a party or interested, and his official acts cannot be controlled by private suitors. If plaintiff and the state are both entitled to damages, the court has authority to apportion the amount to which each is entitled, but the burden of bringing the necessary parties into the proceeding does not rest on plaintiff. The case cited by defendant is not in point therefore, and it is clear that defendant cannot, by reason of a defect of parties, avoid answering to the merits of the petition.

It is further argued by defendant, in substance: Before plaintiff leased the land taken for a highway, the state had dedicated it to the public for that purpose. Plaintiff's leasehold was subject to the superior rights which the county acquired by dedication. When the highway was opened the dedication was accepted by the public, and the acceptance related back to the original grant. To establish the dedication defendant relies upon language found in the following enactment of the legislature: "Section lines are hereby declared to be public roads in each county in this state, and the county board of such county may, whenever the public good requires it, open such roads without any preliminary survey, and cause them to be worked in the same manner as other public roads: Provided, that any damages claimed by reason of the opening of any such road. shall be appraised and allowed, as nearly as practicable, in manner hereinbefore provided." Laws, 1879, p. 130, sec. 46; Comp. St. 1905, ch. 78, sec. 46. This statute dispenses with formal, preliminary proceedings in the opening of highways on section lines, but preserves the landowner's right to compensation for property taken or injured. *Scace v. Wayne County,* 72 Neb. 162; *Barry v. Deloughrey,* 47 Neb. 354. If the legislature intended to donate a portion of the school lands to counties for highway purposes, as argued by defendant, the legislative grant was limited by the proviso: "Any damages claimed by reason of the opening of any such road shall be appraised and allowed, as nearly as practicable, in manner hereinbefore provided." The enactments to which the proviso refers provide a method of compensating an owner for land taken or damaged for highway purposes. Comp. St. 1905, ch. 78, secs. 18-29. The word "owner" as used in such statutes applies to all persons having an interest in the estate taken or damaged. *State v. Missouri P. R. Co.,* 75 Neb. 4. Within the meaning of the road laws plaintiff is an owner, and the leasehold described in his petition is an estate or property, which is protected from invasion by the pro-

viso quoted and by the constitutional provision that "the property of no person shall be taken or damaged for public use without just compensation therefor." Const., art. I, sec. 21. The petition shows that plaintiff's leasehold was damaged by the opening of the road, and to the extent of his injury he is entitled to recover. The demurrer was erroneously sustained.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.