SCOTT'S BLUFF COUNTY, APPELLANT, V. TRI-STATE LAND
COMPANY, APPELLEE.

FILED JUNE 16, 1913.   No. 16,828.

1. Eminent Domain: ESTABLISHMENT OF HIGHWAYS: DAMAGES. Sec-
tion 46, p. 130, laws 1879 (Comp. St. 1905, ch. 78, sec. 46), ac-
cepting the grant provided by the act of congress of 1866 (Rev.
St. U. S. sec. 2477), reserves to landowners the right to recover
damages for the opening of public roads on section lines in this
state.

2. Highways: ESTABLISHMENT: TRESPASS.  A county attempting to
open a public road on a section line without giving notice or
fixing a time for a hearing on the landowner's claim for damages,
and without paying or providing for the payment of such damages,
is a trespasser.

APPEAL from the district court for Scott's Bluff county:
HANSON M. GRIMES, JUDGE.  *Affirmed.*

*Morrow & Morrow* and *R. W. Hobart,* for appellant.

*F. A. Wright, contra.*

BARNES, J.

This was an action to recover the cost of the construc-
tion of a bridge built by the county of Scott's Bluff over
and across an irrigation ditch of the defendant.  The de-
fendant had judgment, and the county has appealed.

It appears that during the years 1906 and 1907 the de-
fendant was the owner of the northeast quarter of section
7, and the northwest quarter of section 8, in township 22
north of range 54 west, in said county; that during said
years it constructed its irrigation canal over and across
the section line between sections 7 and 8 aforesaid, about
20 rods south of the north line of said sections; that on
the 28th day of May, 1908, the board of commissioners
of the plaintiff county, without proceeding as required by
law, and without any procedure for the location and es-
tablishment of a public highway, ordered a public road to

be opened on said section line. No notice was given and no time was fixed for filing claims for damages sustained by the landowners, and no damages were allowed or paid the defendant as provided by law. Plaintiff caused plans and specifications to be drawn and prepared by a competent engineer for the construction of a bridge across said canal on the section line in question, which were duly approved and placed on file as required by sections 6135, 6136, Ann. St. 1907. Plaintiff notified the defendant to construct a bridge across its canal on said section line, and the overseer of public roads gave the defendant repeated notices to build the bridge in question, but defendant neglected and refused so to do. Plaintiff, to protect itself from damages to the traveling public, entered into a contract to build the bridge, and paid therefor $274.80, for which sum, with interest, the plaintiff prayed judgment.

It appears that the title to the land in question was obtained by homestead entry under the laws of the United States after the year 1879. In the district court plaintiff contended that it was entitled to recover because the act of congress of 1866 (Rev. St. U. S. sec. 2477) granted all section lines for highway purposes; that the legislature of this state accepted the provisions of said grant by the passage of the act of 1879 (laws 1879, p. 130, sec. 46); that, the title to the land on either side of said section line having been acquired since the passage of those acts, the defendant took the land subject to the right of a highway on said section line, and was required to build and maintain a bridge over and across its said canal. The defendant contended that the plaintiff was a trespasser, and could not recover because it had failed to give notice as required by law, had failed to fix a time to file claims for damages, and because defendant's damages by reason of the establishment of said highway had never been paid, nor has payment been provided therefor.

There is thus presented for our determination the effect of the act of congress of 1866, and the legislative act of

this state passed in 1879. It is argued here that the act of congress passed in 1866 was a grant of all section lines as public highways, and that the legislative act of 1879 was an acceptance of the grant; that defendant took its title subject to the easement, and therefore plaintiff should recover in this action. In support of that argument the plaintiff cites many cases from other states where that contention is sustained, among which is *Wells v. Pennington County*, 2 S. Dak. 1, 39 Am. St. Rep. 758. There it appeared that the territorial legislature in 1877 passed an act declaring all section lines to be public highways, and providing that such highways shall be 66 feet wide, and shall be taken equally from each side of the line, unless changed as provided in the preceding section of that act. It must be observed, however, that that act, unlike our act of 1879, makes no provision relating to the payment of damages, and therefore that case can readily be distinguished from the one at bar. The other cases cited in support of plaintiff's contention are: *Van Wanning v. Deeter*, 78 Neb. 282; *Streeter v. Stalnaker*, 61 Neb. 205; *Eldridge v. Collins*, 75 Neb. 65; *Missouri, K. & T. R. Co. v. Kansas P. R. Co.*, 97 U. S. 491; *Railroad Company v. Baldwin*, 103 U. S. 428. Some cases from other states are cited whose legislatures have unconditionally accepted the grant contained in the act of congress of 1866.

On the other hand, defendant contends that by the language of the act of 1879 the right of the landowner to damages for opening section line roads in this state is especially reserved, and such has been the universal holding of this court. *Scace v. Wayne County*, 72 Neb. 162; *Van Wanning v. Deeter, supra; Henry v. Ward*, 49 Neb. 392; *Howard v. Board of Supervisors*, 54 Neb. 443; *Barry v. Deloughrey*, 47 Neb. 354.

In *Beste v. Cedar County*, 87 Neb. 689, it was said: "It is further argued by defendant, in substance: Before plaintiff leased the land taken for a highway, the state had dedicated it to the public for that purpose. Plain-

tiff's leasehold was subject to the superior right which the county acquired by dedication. When the highway was opened the dedication was accepted by the public, and the acceptance related back to the original grant. To establish the dedication defendant relies upon language found in the following enactment of the legislature: 'Section lines are hereby declared to be public roads in each county in this state, and the county board of such county may, whenever the public good requires it, open such roads without any preliminary survey, and cause them to. be .worked in the same manner as other public roads: Provided, that any damages claimed by reason of the opening of any such road shall be appraised and allowed, as nearly as practicable, in manner hereinbefore provided.' Laws 1879, p. 130, sec. 46; Comp. St. 1905, ch. 78, sec. 46. This statute dispenses with formal, preliminary proceedings in the opening of highways on section lines, but preserves the landowner's right to compensation for property taken or injured. *Scace v. Wayne County*, 72 Neb. 162; *Barry v. Deloughrey*, 47 Neb. 354. If the legislature intended to donate a portion of the school lands to counties for highway purposes, as argued by defendant, the legislative grant was limited by the proviso: 'Any damages claimed by reason of the opening of any such road shall be appraised and allowed, as nearly as practicable, in manner hereinbefore provided.' The enactments to which the proviso refers provide a method of compensating an owner for land taken or damaged for highway purposes. Comp. St. 1905, ch. 78, secs. 18-29. The word 'owner' as used in such statute applies to all persons having an interest in the estate taken or damaged."

If the question were a new one in this state, it might be that we would hold differently, but it has been consistently held by this court that the right to damages for the dedicating of land for section line roads is given to the owner by the act above quoted, and we do not now see our way clear to hold otherwise.

The plaintiff, having failed to award the defendant a hearing on his claim for damages, and having made no provisions for paying the same, was a trespasser when it built the bridge in question, and it cannot recover in this action.

The judgment of the district court is therefore

AFFIRMED.

ROSE, SEDGWICK and HAMER, JJ., not sitting.