NEWTON RULE, APPELLANT, V. SIOUX COUNTY, APPELLEE.

FILED DECEMBER 24, 1913.   No. 17,494.

1. **Appeal:** CONFLICTING EVIDENCE. Where the question of the amount of damages which a landowner has sustained by the opening of a county road has been fairly submitted to a jury upon conflicting evidence, the verdict will not be set aside unless it is clearly wrong.

2. **Highways:** OPENING: DAMAGES. Section 46, p. 130, laws 1879 (Comp. St. 1905, ch. 78, sec. 46), accepting the grant provided by the act of congress of 1866 (Rev. St. U. S. sec. 2477), reserves to

landowners the right to recover damages for the opening of public roads on section lines in this state. *Scott's Bluff County v. Tri-State Land Co.*, 93 Neb. 805.

APPEAL from the district court for Sioux County: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Albert W. Crites*, for appellant.

*Fern S. Baker, Allen G. Fisher* and *William P. Rooney*, contra.

BARNES, J.

Appeal from a judgment of the district court for Sioux county awarding the plaintiff certain damages alleged to have been sustained by him as a landowner for the establishment of two county roads by the commissioners of said county.

It appears that in July, 1906, the county board of Sioux county established a highway, called the Hecker road, on the section line between sections 25 and 26, township 30, range 55 west. This road divides the land of Mr. Rule so as to segregate the southwest quarter of section 25 from the remaining three quarters of his farm, and appropriates six acres of his land. At or about the same time the commissioners established another road on the section line between sections 26 and 30 of said township and range, which segregated plaintiff's farm from a tract of land which plaintiff's son had filed on as a homestead prior to his death, which occurred before he had made any improvement thereon. Plaintiff claimed damages to this tract of land, as well as to his own farm, for the opening of the highway, which is designated as the Trowbridge road. Plaintiff filed his claims for damages, which were disallowed by the county board, and on an appeal to the district court a jury awarded him a verdict for $139. Judgment was rendered on the verdict, and plaintiff has appealed. The county has also filed a cross-appeal.

50

The plaintiff contends that the jury disregarded plaintiff's evidence, and perversely returned a verdict for a less amount than the testimony warranted. We have examined the record with considerable care. It appears that by the opening of the two roads above mentioned there was appropriated about nine acres of the plaintiff's land. The plaintiff's testimony, and that of some of his witnesses, estimates the value of this land at from $10 to $25 an acre. It must be observed that the testimony of all of plaintiff's witnesses was based on what the land would be worth to them, and not as to its market value. The testimony was clearly incompetent, and could not be considered as furnishing the proper measure of damages. On the other hand, the defendant's witnesses all testified that the market value of the land taken for road purposes was from $4 to $5 an acre. Taking the highest amount shown by this evidence, plaintiff would be entitled to $45 for the land thus taken. It further appears that plaintiff would be required to move one-half a mile of fence by reason of the Hecker road, and construct another half mile of fence on the opposite side of this road, the cost of which is estimated by the defendant's witnesses at from $70 to $80. By the opening of the Trowbridge road plaintiff was required to move his chicken house and a few rods of fence along the side of his corral. This the testimony seems to indicate would cost him in the neighborhood of $10. Plaintiff also claimed damages for the building of a fence along the line of the Trowbridge road; but it appears that no fence had ever been built along the line of that road, and, when it is built, it could be as inexpensively constructed upon the line of road as upon the section line. He also claimed damages for the digging of a well. But it appears that the road was laid out so as to avoid interfering with the plaintiff's well. Much of the damages claimed by the plaintiff was merely speculative, and the evidence tends to show that it was his theory that, by reason of the establishment of the roads in question, the county was liable to pay him for all of his fences, and all

his necessary improvements, when constructed by him, regardless of real existing conditions.

As we view the testimony, it was so conflicting that we are not inclined to disturb the verdict, for it would seem that the amount awarded the plaintiff was a fair measure of the damages actually sustained by him.

On the cross-appeal of the county, it is contended that the act of congress of 1866, granting the right of way over public lands, having been accepted by the legislature of Nebraska, plaintiff is not entitled to any damages for the opening of the section-line roads in question. As was said in *Scott's Bluff County v. Tri-State Land Co.*, 93 Neb. 805, "This statute (meaning the statute accepting the grant) dispenses with formal, preliminary proceedings in the opening of highways on section lines, but preserves the landowner's right to compensation for property taken or injured. *Scace v. Wayne County*, 72 Neb. 162; *Barry v. Deloughrey*, 47 Neb. 354." The grant in question is limited by the proviso contained in the act of acceptance, that "any damages claimed by reason of the opening of any such road shall be appraised and allowed, as nearly as practicable, in manner hereinbefore provided." The enactments to which the proviso refers provide a method of compensating an owner for land taken or damaged for highway purposes. Comp. St. 1905, ch. 78, secs. 18-29. The word "owner" as used in the statute applies to all persons having an interest in the estate taken or damaged.

It has been consistently held by this court that the right of damages for the dedicating of land for section-line roads is given to the owner by the act above quoted, and we adhere to our former decisions upon this question.

The judgment of the district court is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.