THE STANDARD OIL CO., APPELLANT, *v.* KELLER ET AL.,
BOARD OF COMMISSIONERS OF SANDUSKY COUNTY,
APPELLEES.

(Decided December 26, 1939.)

*Messrs. McAfee, Grossman, Hanning & Newcomer*
and *Mr. Dan Daly,* for appellant.

*Mr. A. L. Hyzer,* prosecuting attorney, and *Mr.*
*Harry E. Garn,* for appellees.

OVERMYER, J. This appeal is prosecuted to reverse
the order of the Common Pleas Court in sustaining a
demurrer to the petition of The Standard Oil Com-
pany, plaintiff below, against the Board of County
Commissioners of Sandusky county, in an action by
plaintiff to recover damages for a change of grade and
other resulting injuries to its premises in Woodville,
Ohio, in the construction of a new bridge and ap-
proaches in 1932 and 1933.

The facts connected with the construction of this
improvement and the liability of the defendant board
of county commissioners in connection therewith are
set forth in the case of *Bruns* v. *Hirt et al., Bd. of*

*Commrs. of Sandusky County,* 52 Ohio App., 325, 3 N. E. (2d), 675, motion to certify overruled by the Supreme Court April 8, 1936. Reference thereto is made in consideration of this appeal.

The question here involved is the claim of the defendant board that plaintiff did not bring its action within the time permitted by statute. The answer depends upon the nature of the liability of the defendant board in the premises as heretofore declared by the court in the *Bruns case,* and an examination of the plaintiff's petition.

The plaintiff bases its action upon the contract found by this court to have been entered into between the board of commissioners and the state highway director with reference to this improvement, under constitutional and statutory authority. In its petition this contract is referred to and a copy of the board's resolution creating its liability under the contract is attached thereto. Plaintiff alleges the action to be one based upon a liability created by statute other than a forfeiture or penalty, and that it is governed by Section 11222, General Code, providing a six-year limitation.

The board contends that the action is one for damages for trespass on real property and governed by Section 11224, General Code, providing a four-year limitation, under which plaintiff's action would be barred, and this was the holding of the court in sustaining the demurrer to the petition.

The plaintiff is an abutting property owner upon the improvement here involved, and in the *Bruns case* opinion this court determined who is the "paymaster" for any damages resulting to abutting property owners by reason of this improvement, by holding the board of commissioners liable therefor by virtue of a very definite contract entered into under constitutional and statutory authority between the board of

commissioners and the state director of highways, for the benefit of the plaintiff and all other abutting property owners and others suffering damages as a result of the improvement.

In the opinion in the *Bruns case* a discussion of constitutional and legislative provisions. was given to trace the authority of a board of county commissioners to make the contract with reference to this improvement. Such tracing led to Section 1191-2, General Code, then and now in effect, wherein authority is clearly given, as was pointed out. Under this authority the defendant board executed the contract in good faith, the state director accepted in good faith the co-operation of the board as pledged in the contract, and the improvement was made. To escape the liability so clearly contracted for and assumed by the board, it is now contended that an action can not be brought upon the contract by an abutting owner whose property was damaged, but that such a plaintiff is remitted to another form of action, governed by a statute of limitations which bars the action.

In the opinion of the lower court is cited the following from the case of *Scott's Bluff County* v. *Tri-State Land Co.,* 93 Neb., 805, 142 N. W., 296, to wit:

"A county attempting to open a public road on a section line *without giving notice or fixing a time for a hearing on the landowner's claim for damages,* and without paying *or providing for the payment of such damages, is a trespasser."* (Italics ours.)

The lower court opinion also states:

"If the public do either [abridge the right to access or remove one's porch] *without providing for compensation,* it acts unlawfully and is a trespasser." (Italics ours.)

It appears that upon this authority and theory the lower court sustained the demurrer in this cause, though italicized portions clearly indicate the inap-

plicability thereof to the facts here. Here the payment of damages is clearly provided for and it is beside the point to discuss the question of trespass. Accepting the lower court's definition of trespass—"to be an injury or use *without authority* of the property of another"—how can it be said this improvement was *without authority* when resultant damages to abutting owners were clearly anticipated and guaranteed provision therefor was made by competent and responsible authority?

The petition states a cause of action upon the contract authorized by the statutes hereinbefore referred to, and was filed within time. The court need not, and therefore does not, decide whether, if six years had passed since the completion of the work, the plaintiff might not have brought his action within fifteen years upon a contract in writing under the statute, the contract herein sued upon being represented by the several written agreements of the contracting parties.

The trial court was in error in sustaining the demurrer to the petition, and the judgment will be reversed and the cause remanded with directions to overrule the demurrer and for further proceedings according to law.

*Judgment reversed and cause remanded.*

CARPENTER and LLOYD, JJ., concur.